## MEXICAN CENTRAL RAILWAY COMPANY, LIMITED, *v.* DUTHIE.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

No. 336. Submitted March 23, 1903—Decided April 13, 1903.

Under section 954, Rev. Stat., the Circuit Court has power in its discretion to allow plaintiff to amend his petition after judgment has been entered in his favor, but while the court still has control of the record, and it is not an abuse of such discretion to permit an amendment setting up plaintiff's citizenship, the fact being established and residence only having been pleaded, and where it appears that had the amendment not been made as it was the Circuit Court of Appeals would have been constrained to reverse and remand with leave to make the amendment.

THE case is stated in the opinion of the court.

*Mr. Aldis B. Browne, Mr. Alexander Britton* and *Mr. Eben Richards* for plaintiff in error.

*Mr. Leigh Clark* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Duthie brought suit for the recovery of damages for personal injuries in the Circuit Court of the United States for the Western District of Texas against the Mexican Central Railway Company, Limited; and in his original complaint averred that he " resides in El Paso, in El Paso County, State of Texas,

in the Western District of said State ; " and that defendant was a citizen of the State of Massachusetts. The cause was tried before a jury and resulted in a verdict and judgment thereon April 10, 1902. The record shows " that no further proceedings were had in said cause after the entry of said judgment until, to wit, the 17th day of April, 1902, on which day plaintiff filed his motion asking leave to amend his petition," to the effect " that leave be granted him to now amend his said original and first amended petition by inserting therein the following : ' And is a citizen of said State and of the United States of America,' after the allegation made in said pleading ' that plaintiff resides in El Paso, in El Paso County, State of Texas.' " In support of the motion plaintiff stated under oath " that he is now and was at the date of the filing of his original petition herein, and was on the 22d day of July, 1901, the date of his injuries, a *bona fide* citizen of the United States of America and of the State of Texas." The court granted leave to so amend and defendant excepted. Thereupon defendant applied to the court to certify to this court the question of jurisdiction to amend, and to retain the judgment after such amendment ; and a certificate was accordingly granted.

If the complaint or petition had remained as it was originally framed, and the case had then been carried to the Circuit Court of Appeals, that court would have been constrained to reverse the judgment and remand the cause for a new trial, with leave to amend. *Metcalf* v. *Watertown,* 128 U. S. 586 ; *Horne* v. *Hammond Company,* 155 U. S. 393.

But plaintiff, discovering the defect in the averment before the case had passed from the jurisdiction of the Circuit Court, applied and obtained leave to amend, and made the amendment. So that the only question is whether the Circuit Court had power to allow the amendment.

By section 954 of the Revised Statutes it was provided that the trial court might " at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe ; " and since the trial court in the present case still had control of the record, it had jurisdiction to act, and we may

add that we do not perceive that there was any abuse of discretion in permitting the amendment in the circumstances disclosed. *Mexican Central Railway Company* v. *Pinkney*, 149 U. S. 194, 201; *Tremaine* v. *Hitchcock*, 23 Wall. 518. If the statutes of Texas forbade such an amendment, the law of the United States must govern. *Phelps* v. *Oaks*, 117 U. S. 236; *Southern Pacific Company* v. *Denton*, 146 U. S. 202.

; The suggestion that defendant was cut off from trying the fact as to plaintiff's citizenship is without merit. The record does not disclose that defendant sought to contest plaintiff's affidavit, and for aught that appears the fact may have been conceded.

*Judgment affirmed.*