## DARIO ROVIRA, Plff.,

### *v.*

## VICTOR L. LOKPEZ, Dft.

San Juan, Law, No. 1384.

MOTION TO AMEND THE COMPLAINT AFTER VERDICT.

Practice—Order of Motions.

    1. Where a motion to dismiss is made and afterwards a motion by the other side to amend, the two may be considered together. The order of filing makes no difference.

Same—Amendment after Verdict.

    2. Amendments can be made after verdict, especially of matters not in the mind of either party at the trial.

Domicil—Home.

    3. The word "home" is equivalent of domicil, as it is used in a general sense of any place where one lives, regardless of intention to remain.

Rovira v. Lokpez.

Domicil—Time of Trial.
    4. The law fixes no time for the trial of questions of domicil.
    The court has permitted it to be tried by the jury, but, after experiment, does not think this is the proper plan, as the issue is really one of law.

Opinion filed August 2, 1920.

———

*Messrs. Siaca* and *Solo Gras* for plaintiff.

*Juan B. Soto, Esq.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The matter comes up on a motion to amend the complaint after verdict, but before judgment. The motion to dismiss is not argued. The point is this, if the amendment is allowed, that disposes of the motion to dismiss, because the defect will be remedied. Now, then, there are two or three things to be considered. The motion to amend was filed here after the motion to dismiss, and in point of fact was made very largely to meet the motion to dismiss. In the first place, I do not think it makes any difference about the order of the motions. They both come on to be heard now, that is, one in connection with the other. The matter of form never controls in the Federal court, technicality does not control at all. Rev. Stat. § 954, Comp. Stat. § 1591, 6 Fed. Stat. Anno. 2d ed. p. 98. If the two motions are filed, I think I can hear them both, regardless of which is filed first.

2. In the second place, as to whether an amendment could

be allowed at this stage. Ordinarily amendments are before verdict. It seems from the authorities quoted that it has been allowed later, and is allowed under § 954 of the Revised Statutes, which is a very liberal law of amendment. Crosby v. Cuba R. Co. 158 Fed. 144, 153, Foster, Fed. Pr. 5th ed. 733, and the case of the Mexican C. R. Co. v. Duthie, 189 U. S. 76, 47 L. ed. 715, 23 Sup. Ct. Rep. 610. It seems to me that the motion should be heard, especially under the circumstances of this case. It refers to a point that was not in the mind of either party, in fact, any member of the bar except the attorneys in one case, until recently, and if I refuse to allow the amendment, to consider the amendment, and allow the other party to take advantage of the decision of the Supreme Court, I hardly think I would be doing justice under the circumstances. If this new point is to figure at all in the case, both parties ought to have a right to be heard upon it. I do not think it is too late to allow the amendment.

3. It is argued that the defendant's domicil vel non is the question, that is, in question, and that the defendant upon trial has already testified his home is in Porto Rico, is in Mayaguez. As to whether the word "home" was used or not would depend upon the stenographic notes, but assuming that it was, I decided on the 23d, I think it was, in Cueto v. Casino Español of Manatí, that the word "home" is not the equivalent of "domicil." Domicil it is true means home, means a little home, but it has acquired a technical meaning apart from the usual meaning of home. I think home is not so much a legal term, not so much a technical as a social term. Home is where one lives. We speak of home when we are living at a boarding-house, "we are going home," and frequently where

it is a rented house when one does not own the house. It is as a place of residence really that we use the word home. I do not think it is a legal term; so if the defendant did testify that his home was at Mayaguez, I do not think it would control the case. He certainly did not use the word domicil, because the question of domicil was not in the mind of any of the parties; so I do not think that would stand in the way. The amendment therefore will be allowed.

4. The next point is, as to when it shall be tried, if it is to be an issue. In Soldini v. Sánchez Morales & Co. 11 Porto Rico Fed. Rep. 539, in this court, it was held upon consideration of the cases in the Supreme Court and elsewhere that the law did not fix any time or method of its proof, but that it was discretionary with the court how to try the point. In that particular case it seemed to me wise to leave it to the jury, but since then I have doubted whether such solution is wise, as the point is principally a deduction of law. I think it would be better generally for the court to try the question. That being the view of the court, it would not make much difference whether the point was tried after or before the jury trial, and I think therefore that it would not be improper for the court to try the issue after verdict, if there is to be an issue made on it.

So the only thing left is as to when it is to be tried. It is a question of defendant's domicil, as to which his intention figures largely, and it would not be right to take it up in his absence from the country, and so I shall postpone the hearing until he can be present or his deposition taken. I will allow thirty days to answer; proof will be a subsequent matter.

It is so ordered.