## SWIFTWATER PLANTATIONS CO. et al. v. DAVIS.

(Circuit Court of Appeals, Fifth Circuit. March 2, 1923.)

No. 3944.

**1. Appeal and error ⬅️1046(1)—Refusal to transfer to equity cause subsequently tried to court held harmless.**

Whether a suit on intervention to determine the ownership of property sequestered as that of defendants was equitable or legal, it was not prejudicial to interveners to deny their request to transfer it to the equity docket, where it had previously been transferred without objection by any party to the law docket, and was tried by consent of the parties by the court, a jury being waived, especially where the motion to retransfer to the equity docket was not made until after the testimony had been all taken.

**2. Parties ⬅️48—Refusal of amendment of petition of intervention alleging facts in greater detail held not error.**

There was no harmful error in refusing to permit the filing of an amended petition of intervention, where the matters therein set up were but an elaboration of the interveners' claim in their original petition, and all evidence offered by interveners which was legally admissible under the amended intervention was allowed to be introduced.

**3. Appeal and error ⬅️959(1)—Pleading ⬅️236(1)—Allowance of amendments is within trial court's discretion.**

The allowance of amendments is a matter resting within the discretion of the court, and its action thereon will not be reversed, unless such discretion is manifestly abused.

**4. Appeal and error ⬅️14(½)—Evidence can be reviewed on writ of error, if appeal was proper method of review.**

If the claimed intervention was properly reviewable by appeal, but review was by writ of error after the motion to transfer to the equity docket was denied, the Circuit Court of Appeals can consider the evidence as though it was before it on an appeal, under Comp. St. § 1649a, requiring the court, in case of mistake or error as to the method of review, to disregard the mistake and take the action which would be appropriate, if the proper appellate procedure had been followed.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Logs and logging ⬡3(15)—Evidence held to sustain finding rights to timber had expired.**

Where the purchasers of timber claimed that their rights to cut it had not been lost by the expiration of the time within which it was to be cut, because the landowner had enjoined them from making openings in the fence through which the timber could be hauled, evidence that the weather conditions during the month in which the injunction against making openings in the fence had been in force were such that the timber could not have been hauled at all during that month, *held* sufficient to sustain the trial court's finding that the right to the timber had expired.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by E. D. Davis against the S. P. Coppock & Sons Lumber Company, originally begun in the state court, in which property of the defendant was sequestered, and which was removed to the United States District Court, and transferred by agreement of the parties to the law docket after the Swiftwater Plantations Company and another had intervened, claiming the property seized under the writ of sequestration. Judgment for plaintiff, and interveners bring error. Affirmed.

Walton Shields and Hugh C. Watson, both of Greenville, Miss., for plaintiffs in error.

Le Roy Percy and W. A. Percy, both of Greenville, Miss., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This case originated in a suit brought by E. D. Davis in the chancery court of Washington county, Miss., to recover a money judgment from S. P. Coppock & Sons Lumber Company upon a contract for the sale of certain timber. The defendant in said suit being a nonresident, a writ of sequestration was prayed and issued, directing the sheriff to seize certain lumber, which was done, and a decree for damages was sought for alleged breaches of said contract. Said cause was removed to the United States District Court for the Southern District of Mississippi. After such removal, Swiftwater Plantations Company and R. G. Haxton, the present plaintiffs in error, were permitted to file an intervention, in which it was claimed that the lumber seized on such writ of sequestration, and the proceeds thereof, were the property of Haxton, a purchaser of timber rights from one Morgan, who had bought them from said Swiftwater Plantations Company, which company claimed a lien thereon for a certain amount as stumpage. The lumber was alleged to have been cut from such timber.

The case was transferred to the law docket and by agreement of all parties submitted to the judge to try upon all issues of law and fact without the intervention of a jury. Judgment was rendered in favor of Davis on his petition against said Coppock & Sons Lumber Company for a certain amount, from which judgment no appeal or writ of error has been taken. Judgment was also rendered in favor of Davis on said intervention against the claims of the present plaintiffs in error, who have brought this judgment to this court for review. After the trans-

fer of said case to the law docket, and after the making of the stipulation to try the case without a jury and the evidence had been heard, a motion was made to transfer said case again to the equity docket, which was denied. When said case was called for trial, the interveners presented an amendment to their intervention more fully setting out their alleged claim. Leave to file said amendment was denied, but the evidence of the interveners was received under the original intervention amendment as to all matters set up in said proposed amendment.

It appeared from the evidence that a certain tract of land upon which the timber, from which the lumber in question was cut, originally belonged to Ed. E. Richardson Company, a corporation. Some time prior to May 1, 1917, said Ed. E. Richardson Company had sold said land with said timber thereon to the Swiftwater Plantations Company. Thereafter, on May 1, 1917, said Richardson Company undertook to convey all of the timber upon said tract of land to W. A. Morgan, by two agreements. One provided that the timber should be removed within one year, and the other within two years, or as nearly as possible and practicable, from the date of said agreements. By a subsequent oral understanding this time was extended to July 1, 1919. On July 3, 1917, said Richardson Company, reciting that such conveyances of May 1st had been made to Morgan by it under the mistaken belief that it owned the timber, which it had discovered belonged to said Swiftwater Plantations Company, and the Swiftwater Plantations Company being willing to ratify said sale upon an assignment to it from said Richardson Company of such contracts with said Morgan, did execute an assignment thereof to said Swiftwater Plantations Company. While no written acceptance of this transfer by the Swiftwater Plantations Company appears to have been made, or any conveyance by it to Morgan, the intervention of said Swiftwater Plantations Company in said case states that said Swiftwater Plantations Company had sold said timber to said Morgan, who had agreed to pay to it a stumpage price. After these transactions, Swiftwater Plantations Company sold said land to one A. A. Duncan, its deed "reserving, however, all merchantable timber on said land for and until July 1, 1919, the same having been sold to W. A. Morgan and the time of cutting and removing said timber from said lands expiring on and with July 1, 1919."

While Duncan owned the land, he fenced the same, leaving thereon a road with a single opening in said fence on the western side of said tract for ingress and egress. On June 2, 1919, he filed a bill in the chancery court of Washington county, Miss., against Haxton and the Swiftwater Plantations Company, alleging that Haxton had become the assignee of Morgan, and claimed said timber, and had notified complainant that he proposed to cut his fence at one or more points on the southern boundary, and to proceed to remove the timber on said land through said openings thus made; that the road which he (Duncan) had left, and the opening, was the accustomed manner of ingress and egress to said tract of land; and he sought an injunction restraining the cutting of said southern fence. A temporary injunction was granted on said 2d of June, 1919, which is still of force; said case remaining pending in said chancery court.

The interveners claimed that the action of Duncan in preventing Haxton from cutting openings in said southern fence and hauling out the timber through such openings was wrongful; that Haxton was prepared and able so to do during June, 1919; and that this interference stopped the running of the time to July 1, 1919, and prevented the expiration of his timber rights. Subsequently Duncan and his wife sold said timber to Davis, who is alleged by interveners to have had notice of their claims and rights when he purchased said timber from Duncan.

[1] 1. The first error asigned is that the court erred in not restoring said cause to the equity docket. Whether the suit on the intervention was equitable or legal, it was being tried by the court after it had been transferred without objection to the law docket, and was by consent of the parties submitted to the court, a jury being waived, with the agreement that all issues on the original petition and intervention be tried together and judgment rendered according to the rights of the parties.

Even if the cause of action stated in the intervention was equitable in its nature, the stipulation of the parties as to the method of trial caused the same to be tried as it would have been had it remained on the equity docket, and we cannot see where a technical retransfer would have put the case in any different position from that which it occupied under the stipulation. The record indicates the motion was not made until after the testimony had been all taken. If the refusal of this motion was an error, it was entirely harmless and affords no ground for the reversal of the judgment. Southern Oil Corp. v. Waggoner (C. C. A.) 276 Fed. 487; 40 Stat. c. 48, p. 1181 (Comp. St. Supp. 1919, § 1246).

[2, 3] 2. There was no error in the refusal of the court to permit the filing of the amended petition of intervention. The matters therein set up were but an elaboration of interveners' claims stated in their original intervention, and all evidence offered by interveners which was legally admissible under the amended intervention was allowed to be introduced. The amendment was not offered until the case was reached for trial. The allowance of amendments is a matter resting in the discretion of the court, and its action thereon will not be reversed unless such discretion is manifestly abused. Mexican Central Ry. v. Duthie, 189 U. S. 76, 78, 23 Sup. Ct. 610, 47 L. Ed. 715.

[4] 3. The evidence in this case has been brought to this court in a way which would authorize the court to decline considering any question which depended thereon. Much of the same relates entirely to the original cause of action between Davis and S. P. Coppock & Sons Lumber Company the judgment against whom is not before this court. The remaining evidence is intermingled with this evidence and with no attempt made to brief the same. However, we have considered the evidence in the case as though the evidence was before us on an appeal, as can be done if an appeal was necessary (U. S. Comp. St. § 1649a), overlooking the fact that the same has not been briefed as required.

[5] Regardless of the effect, if any, of the pending equity cause in the chancery court of Washington county, and of the injunction therein, or of whether the intervener Haxton should have been permitted to make openings in the southern fence line of Davis, we think there is

sufficient evidence to warrant the chancellor's decree finding that the interveners had no rights in the lumber cut by Coppock & Sons Lumber Company. Assuming that the recitals in the intervention and in the deed from Swiftwater Plantations Company to Duncan sufficiently evidenced and established the right of W. A. Morgan, and Haxton as his assignee, to said timber, such right expired unless the timber was cut and removed by July 1, 1919. The testimony of Morgan, which was rendered orally before the chancellor, who saw the witness, if believed by him, showed that the weather conditions during the month of June, 1919, were such that the timber could not have been hauled at all during said month. Therefore, had there been no injunction and no refusal on the part of Duncan or Davis to permit the openings to be made in the southern fence, according to this testimony, the timber could not have been removed by July 1, 1919. Under the claim of title set up by the interveners their rights expired on July 1, 1919, unless they could prove the same had been extended in some way, and we do not think there was that want of evidence to sustain the decree of the court, or preponderance of testimony against it, which would authorize a reversal.

We do not find any substantial error affecting the result which calls for particular mention of any remaining assignment, or which would justify a reversal.

The judgment of the District Court is affirmed.