## Ottinger, Appellant, v. Walling et al.

Argued January 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

78

*E. Herman Fuiman,* for appellant.

*Joseph W. Henderson,* of *Rawle & Henderson,* with him *Thomas F. Mount,* for appellees.

OPINION BY MR. JUSTICE BARNES, April 24, 1939:

The plaintiff, on May 9, 1935, while employed as a fireman on defendants' barge, fell and was injured. Subsequently he brought suit in the Court of Common Pleas of Philadelphia County under the Act of Congress known as the Jones Act* to recover damages for the injuries sustained. At the trial which followed the court instructed the jury that if plaintiff's injuries were caused by the defendants' lack of care, he was entitled to recover for his necessary medical expenses, pain and suffering, and loss of past wages for such time as he was disabled, as well as for the fair value of his *maintenance* during that period. It was agreed by the parties that $2.00 a day was a reasonable allowance for maintenance. The trial judge also directed that if a verdict were rendered for the plaintiff it should include compensation for any loss of future earning power. The jury found

---

* Section 33 of the Act of Congress approved June 5, 1920, (Merchant Marine Act) amending Section 20 of the Act of Congress approved March 4, 1915, (46 U.S.C.A. 688). The amendment is commonly referred to as the "Jones Act."

for the plaintiff in the sum of $3,500, and the judgment entered upon the verdict has been paid and satisfied.

Thereafter plaintiff instituted the present action to recover *maintenance* from the defendants, who are the same parties who were the defendants in the suit under the Jones Act. The plaintiff avers that in accordance with general admiralty and maritime law he is entitled to maintenance at the rate of $2.50 a day from the date of his injury, until such time as a cure is finally effected. The defendants in their affidavit of defense admit that the plaintiff while in their employ received the injuries described in his statement of claim, but deny that such injuries were caused by their negligence. The defendants further aver under new matter that the injuries for which plaintiff was awarded damages in the first action are identical with those involved in this proceeding, and that the verdict received by him in the suit under the Jones Act included compensation for every element of damage for which he was entitled to recover.

Following plaintiff's reply rules were entered by both parties for judgment on the pleadings. After argument the court below discharged the plaintiff's rule and made absolute the defendants' rule for judgment for want of a sufficient answer to new matter. The plaintiff has appealed therefrom.

The plaintiff's right to bring the action in which he recovered the verdict was conferred by the Jones Act. Prior thereto a seaman had no right of action against his employer for injuries received as a result of the employer's negligence, except where the injury was sustained as a consequence of the unseaworthiness of the ship, or a defect in her equipment: *The Osceola,* 189 U. S. 158, 175; *Chelentis v. Luckenbach S. S. Co.,* 247 U. S. 372; *Carlisle Packing Co. v. Sandanger,* 259 U. S. 255; *Pacific Co. v. Peterson,* 278 U. S. 130; *Cortes v. Baltimore Insular Lines,* 287 U. S. 367.

The duty of a vessel and her owner to provide maintenance for seamen injured while in service is an inher-

ent incident of the contract of employment under general maritime and admiralty law. It is well settled that the Jones Act did not take away existing rights under maritime law, and that a seaman injured in the course of his employment is not required to elect between an action for damages under the Jones Act, and a claim for maintenance: *Pacific Co. v. Peterson*, supra; *John A. Roebling's Sons Co. v. Erickson*, 261 Fed. 986; *The Rolph*, 299 Fed. 52.

Accordingly, the narrow question raised by these pleadings is whether the plaintiff in the trespass action under the Jones Act recovered the *maintenance* which he now seeks under the general maritime law. The defendants urge that the verdict in the prior suit embraced every item of damage that the plaintiff had sustained at the time of the trial, or that he might suffer in the future, including loss of past wages and maintenance, and loss of future earning power. The record in this case is decisive that the plaintiff is without right to recover. The same item of damage may not be recovered more than once, even though the subsequent proceeding may be upon a different right of action, because the prior judgment operates as an estoppel when the subject-matter controverted and determined is identical: *Rauwolf v. Glass*, 184 Pa. 237; *Bowers' Estate*, 240 Pa. 388; *People's Water Co. v. Pittston*, 241 Pa. 208; *Havir's Estate*, 283 Pa. 292.

A consideration of the issues upon which the plaintiff's claim in the trespass action was submitted to the jury, and the instructions of the court in regard thereto, is convincing that the verdict there rendered included compensation to the plaintiff for loss of past and future maintenance. In consequence, as he is entitled to no more by general maritime law, it is clear that his right to recover in this suit is barred by the judgment obtained in the former action.

Judgment affirmed.