**THORNES v. SOCONY VACUUM OIL CO.**

District Court, S. D. New York.

Nov. 28, 1940.

George J. Engelman, of New York City, for plaintiff.

Louis Mead Treadwell, of New York City, for defendant.

MANDELBAUM, District Judge.

Defendant has moved for an order, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing the complaint herein on the ground that the court is without jurisdiction of the subject matter.

The action is for maintenance and cure brought by a seaman on the law side of the court, based on the seaman's contract of employment and the General Maritime Law. Neither negligence nor unseaworthiness are pleaded in the complaint. Defendant contends that plaintiff's sole remedy is in admiralty.

It is undoubtedly true that this suit must be brought in admiralty unless it comes within the purview of the "saving clause" of Section 9 of the Judiciary Act of 1789, 28 U.S.C.A. § 41 (3), which preserves "to suitors in all cases the right of a common-law remedy where the common law is competent to give it." In New York an action in personam arising out of a maritime contract could be prosecuted in the state courts. Kennedy v. Cunard Steamship Company, 197 App.Div. 459, 189 N.Y.S. 402. As a general proposition rights arising out of maritime contracts are thus enforceable at law as well as in admiralty. 1 Corpus Juris, pp. 1253, 1254, § 24, 2 C.J.S., Admiralty, § 8.

The right of an injured seaman to recover for maintenance and cure springs essentially from the contract of employment (Ottinger v. Walling et al., 335 Pa. 77, 5 A.2d 801; Mannie Smith v. Lykes Brothers-Ripley Steamship Co., Inc., 5 Cir., 105 F.2d 604), as does the obligation of wages. Harden v. Gordon, 2 Mason, 541, 11 Fed.Cas. 480, No. 6,047; Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220. In the case of Garcia Leon v. Galceran, 11 Wall. 185, 20 L.Ed. 74, it was held that a suit for wages could be maintained at law. A contention that a right to wages flows from the contract of employment but a right to maintenance and cure does not, seems rather tenuous.

I conclude that the plaintiff herein is entitled to a jury trial of the issue of maintenance and cure. Skolar v. Lehigh Valley R. R. Co.[1]

Motion denied.

---

[1] No opinion for publication.