## J. E. HADDOCK, Limited, et al. v. PILLSBURY, Deputy Commissioner, et al.
### No. 11199.

Circuit Court of Appeals, Ninth Circuit.
May 2, 1946.

Keith & Creede, of San Francisco, Cal., McComb & Nordmark and Godfrey Nordmark, all of Denver, Colo., and Frank J. Creede, of San Francisco, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., and James T. Davis and William Licking, Asst. U. S. Attys., all of San Francisco, Cal. (Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, and Herbert P. Miller, Asst. Chief Counsel, both of New York City, of counsel), for appellee.

Before GARRECHT, DENMAN, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an attempted appeal from the order of the district court granting a motion of appellees to dismiss appellants' complaint in a proceeding under Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. § 901 et seq., seeking to have the order of the commissioner annulled and its enforcement enjoined.

Appellees moved to dismiss the appeal upon the ground that the notice of appeal was not filed within time. The motion was granted and the appeal dismissed without opinion. A petition for rehearing was filed presenting contentions which made it seem advisable to render an opinion in the final disposition of the case. Our former opinion on rehearing, filed April 25, 1946, is withdrawn.

The question of our jurisdiction is to be determined by the entry of the order or judgment finally disposing of the case in the district court. The complaint was brought on the civil side of the court. An order dismissing the complaint was made and filed on March 15, 1945, the pertinent portion being

"* * * The evidence he [the commissioner] heard supports his finding and it should not be disturbed, on review.

"The order of the Compensation Commissioner is sustained and the complaint is dismissed.

"Dated: March 15, 1945.

"Louis E. Goodman
"United States District Judge."

Later findings were made and a judgment signed by the district judge was also "filed." Appellants filed their notice of appeal more than three months after the filing of the order of March 15, 1945, but within three months as to the filing of the judgment. At the hearing we regarded that order as a final disposition of the case and that the court could presume the clerk had performed his duty prescribed by the rules, later considered, requiring signed orders filed with the clerk to be "entered" in the civil docket. We granted the motion to dismiss the appeal. Further consideration shows it is unnecessary to determine that jurisdiction is conferred by such a presumption, and we express no opinion thereon.

In the petition for rehearing appellants claim that we should consider the filing and

docket entries here as if the complaint were a libel in admiralty. They contend that the proceedings for review of such compensation orders should be brought solely in admiralty, citing Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 1939, 103 F.2d 513.

■ Whether such a libel may be filed in admiralty it is not necessary here to decide. That a suit based upon an admiralty right may be brought in the civil side of the district court has been held by the Supreme Court in Seas Shipping Co., Inc., v. Sieracki, 66 S.Ct. 872, 874, a case of a stevedore injured on a vessel on navigable waters by a defect in her hoist. In that case the Court states "It is now well settled that a right peculiar to the law of admiralty may be enforced either by a suit in admiralty or by one on the law side of the court. Carlisle Packing Co. v. Sandanger, 259 U.S. 255, 259, 42 S.Ct. 475, 476, 66 L.Ed. 927; Garrett v. Moore-McCormack Co., 317 U.S. 239, 243, 244, 63 S.Ct. 246, 249, 250, 87 L.Ed. 239; Thorns v. Socony-Vacuum Oil Co., D.C., 37 F.Supp. 616."

Furthermore the Federal Rules of Civil Procedure provide in Rule 81(a) (6), 28 U.S.C.A. following section 723c, that these rules "apply to proceedings for enforcement or review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act, Act of March 4, 1927, c. 509, §§ 18, 21 (44 Stat. 1434, 1436), U.S.C., Title 33, §§ 918, 921, except to the extent that matters of procedure are provided for in that Act."

The Act itself, in section 18, 33 U.S.C. § 918, 33 U.S.C.A. § 918, provides for the entry of a "judgment" by the district court on the commissioner's order and that "Review of the judgment so entered may be had as in civil suits for damages at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit."

■ Since the case was properly brought on the civil side of the district court below, the orders and judgment have been entered on the civil docket of that court. The distinction between filing with the clerk and the clerk's entry which determines the beginning of the time within which appeal may be taken is stated in The Washington, 2 Cir., 16 F.2d 206, 207, 208.

■ Rule 5(3) of the Rules of Practice of the United States District Court for the Northern District of California provides that no judgment or order in such a case as this "will be noted in the civil docket until the Clerk has received from the Court a specific direction to enter it. Unless the Court's direction is given to the Clerk in open Court and is noted in the minutes, it should be evidenced by the signature or initials of the Judge on the form of judgment or order."

This is to make certain that a preliminary order as to how the case shall be disposed of shall not be "entered" because it is to be followed by proposed and later settled findings and a final judgment required by that court's rule 5(d) and 5(e). This requisite of a direction for the entry of a judgment is a proper provision and carries out F.R.C.P.Rule 58, which provides:

"Unless the court otherwise directs, judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs the entry of a judgment that a party recover only money or costs or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; *and the judgment is not effective before such entry.*" (Emphasis supplied.)

■ Since the signatures of the district judge on the order of March 15, 1945, and the judgment of August 27, 1945, satisfy Rule 5(3), supra, with regard to directing the entry of the order by the clerk, we

sought to determine whether the clerk had so acted and made the judgment "effective" for an appeal within F.R.C.P. 58 by ordering him to certify to this court a copy of the civil docket entries, if any, of the order and the judgment. He has complied and it appears that each was so entered on the date it was filed. Since the March 15, 1945, order is a final disposition the appeal is ordered dismissed.