**FERN et al. v. UNITED STATES.**

No. 13633.

United States Court of Appeals,
Ninth Circuit.

May 18, 1954.

9. Cf. N. L. R. B. v. Hart Cotton Mills, 4 Cir., 190 F.2d 964, 973–974; N. L. R. B. v. Hinde & Dauch Paper Co., 5 Cir., 171 F.2d 240.

Maurice T. Johnson, Fairbanks, Alaska, for appellant.

Warren E. Burger, Asst. Atty. Gen., E. H. Hickey, Irving Malchman, Attys., Department of Justice, Washington, D. C., Theodore F. Stevens, U. S. Atty., Fairbanks, Alaska, for appellee.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

DENMAN, Chief Judge.

Appellants, Elmer Fern and David Mutchler, appeal from an order of the district court dismissing their second amended complaint on the ground that the cause of action was barred by the Statute of Limitations. The action was brought under Section 13(d) (2) of the Contract Settlement Act of 1944, as amended.[1] The original complaint, filed December 27, 1949, alleged that appellants has contracted orally to haul goods by boat for the United States Army, that the Army had cancelled the contract, and that $15,632.41 had been expended in reliance on the contract. This amount, plus interest, was sought as damages. The complaint was amended by leave of court and on stipulation of parties, so that the prayer was for $35,000, plus interest.

The trial court dismissed this first amended complaint on the ground that it lacked jurisdiction—that the damages sought exceeded $10,000.[2] No appeal was taken from this order, no attempt was made to have the district court set it aside, nor was permission to file an amended complaint sought.

A so-called second amended complaint was filed without leave of court on July 14, 1952. This complaint, as further amended upon stipulation of the parties, contained the same substantive allegations as the first amended complaint plus allegations that the final administrative action by the Appeal Board established by the Act took place on September 28, 1949, and that the Army had cancelled the contract on July 21, 1945, but sought only $10,000, plus interest, as damages. The district court dismissed this second amended complaint, on appellee's motion, on the ground that the Statute of Limitations had expired.[3] This appeal duly followed.

Appellants first contend that the district court erred in dismissing their first amended complaint. The Govern-

1. 41 U.S.C.A. § 113(d) (2).

2. See 28 U.S.C. § 1346(a) (2).

3. See 28 U.S.C. § 2401, providing a six-year limitation upon civil actions against the United States, running from the date the claim accrues; and § 13(d) (2) of the Act, providing for a ninety-day period during which an action may be commenced after unfavorable action by the Appeal Board. Since the claim arose when the Army cancelled the contract on July 21, 1945, and the final action of the Appeal Board took place on September 28, 1949, the period provided by both of these statutes had expired on July 14, 1952, when the second amended complaint was filed.

ment questions our jurisdiction to consider this contention in view of the fact that no appeal was taken from that order. The question squarely presented is whether an order dismissing a complaint on the grounds that the relief sought is beyond the jurisdiction of the court is an appealable order.

28 U.S.C. § 1291 gives this court "jurisdiction of appeals from all final decisions of * * * the District Court for the Territory of Alaska * * *." An order dismissing a complaint for lack of jurisdiction is such a "final decision." W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, 2 Cir., 155 F.2d 321 certiorari denied, 329 U.S. 735, 67 S.Ct. 100, 91 L.Ed. 635; Vietti v. Wayne, 78 U.S.App.D.C. 19, 136 F.2d 771. A notice of appeal timely filed as to a later appealable order, but filed after the expiration of the time to appeal from an order dismissing a complaint, does not operate to bring up the earlier order for review. See J. E. Haddock v. Pillsbury, 9 Cir., 155 F.2d 820, certiorari denied, 329 U.S. 719, 67 S.Ct. 53, 91 L.Ed. 624. No timely notice of appeal having been filed from the order dismissing the first amended complaint, we do not have jurisdiction to consider the validity of that order. See Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705, certiorari denied, 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 643.

Appellants seek to avoid the above conclusion by reference to two rules. The first is Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that any dismissal other than a dismissal for lack of jurisdiction or improper venue operates as an adjudication on the merits. Their argument is that an adjudication not on the merits is not a final decision. This argument is disposed of by the authorities above cited. Second, appellants cite Rule 25 of the Rules of the District Court of Alaska which provides that "A party may re-

spond to any pleading at any time before a default is claimed * * *." (Emphasis supplied.) They argue that until a default has been claimed there is no final decision. This contention is without merit, both on the authorities above cited and because there was no pleading before the court to which appellants could respond.

It should be noted that the order of the district court was not an order granting a motion to dismiss a complaint as by demurrer,[4] but was an order dismissing the complaint for want of jurisdiction over the sovereign, the United States, an appealable order as we have shown above.

Appellants next contend that the district court erred in dismissing their second amended complaint on the ground that the statute of limitations had expired. They do not question that the statute had run unless it was in some manner tolled, but do contend that the running of the statute was tolled upon the filing of the original complaint. In making this argument, appellants rely primarily upon their contention that the order dismissing the first amended complaint was not final. This contention we have shown to be without merit.

Secondly, they rely upon Rule 15(c), Fed.R.Civ.P., which provides that where an amended complaint sets forth the same substantive claim as an original complaint, the amendment relates back to the date of the original complaint. Cf. International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561. If the so-called "second amended complaint" is in fact an amendment to the original complaint, then it would clearly relate back to the date of the former. It is beyond question that a complaint may be amended after dismissal of a complaint if the dismissal is not with prejudice. See Topping v. Fry, 7 Cir., 147 F.2d 715.

Under Rule 15(a), Fed.R.Civ.P., a second amended complaint may be filed

4. Such an order is not an appealable final decision. See Turnbull v. Cyr, 9 Cir., 184 F.2d 117; Blanco v. United States, 9 Cir., 184 F.2d 117; Newman v. State of California, 9 Cir., 184 F.2d 515; Monge v. Smyth, 9 Cir., 198 F.2d 749.

"only by leave of court or by written consent of the adverse party". No express leave of court or written consent of the adverse party was obtained in this case to the filing of the so-called second amended complaint. This complaint was filed on July 14, 1952. On August 7, 1952, appellee filed its motion to dismiss this complaint on the ground that the action was barred by the statute of limitations. This motion came before the court for hearing on August 18, 1952, and at that time an amendment was permitted to the second amended complaint upon the motion of counsel for appellants, counsel for appellee consenting thereto. It is argued that this action by the court and by counsel for appellee constituted respectively the "leave of court" and the "written consent of the adverse party" required by the rule.

The action of appellee in moving to dismiss the second amended complaint as barred by the statute of limitations shows clearly that it regarded this complaint as instituting a new proceeding and not as an amendment to the original complaint. Hence, its consent to the amendment of August 18 was a consent to the amendment of the second amended complaint as an "original complaint" and in nowise was a consent to the amendment of the complaint filed on December 27, 1949.

As to the action of the court in ordering the amendment of August 18, 1952, it had no choice in the matter. Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a). Subsequent amendments or amendments after a responsive written pleading are permitted either upon leave of court or upon written consent of the adverse party. Entry of the consent of the adverse party in the minutes satisfies the requirement of a writing, for the rule does not require the writing to be made or subscribed by the consenting party.

Viewed in this light, the complaint filed on July 14, 1952, instituted a new action. This action was barred by the applicable statutes of limitations and the district court properly ordered the complaint dismissed upon this ground.

The judgment of the District Court is affirmed.

HEALY, Circuit Judge.

Appellants sued the government for breach of a contract alleged to have been made with it, claiming damages in excess of the amount for which the United States, pursuant to the Tucker Act, has consented to be sued in the district courts. 28 U.S.C.A. § 1346(a) (2). Later they amended their complaint asking judgment for a still larger sum. Thereafter the government moved for a dismissal on the ground of lack of jurisdiction in the court to entertain the cause. The motion was argued and taken under advisement, and thereafter in May of 1952 the court granted it and ordered the dismissal of the complaint for want of jurisdiction. The formal order or judgment of dismissal was entered the same day.

The order was obviously final and appealable. Being such, it was necessarily dispositive of the case unless reversed on appeal or set aside by the trial court itself. No appeal was taken from it within the prescribed 60-day period or at all, nor did appellants at any time move for relief from the judgment.

Rule 60(b), so far as material, provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment." The Rule states that "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." It declares further that "the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independ-

ent action."[1] As above indicated appellants did not at any time move for relief from the operation of the judgment, nor did they make or offer to make any showing that might be thought to entitle them to the benefit of the Rule. Cf. Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207; Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93, 95.

By failing to appeal and by continuing to ignore the requirements of Rule 60 appellants created for themselves a situation where their recourse, if any, was by the institution of a new action stating a cause within the jurisdiction of the court. This course they might pursue here, since, unlike other judgments of dismissal, a dismissal for lack of jurisdiction does not operate as an adjudication upon the merits. See Rule 41(b). In effect, that is the course appellants pursued. On July 14, 1952, they filed and served upon counsel for the government a pleading denominated "second amended complaint," reducing their claim to the maximum amount permissible under the Tucker Act. The pleading was filed without leave of court first had and obtained and without consent, written or otherwise, of the government.[2]

The interposition of this pleading, however denominated by its framers, did not under the circumstances described serve to reanimate or revitalize the suit which had long since been finally dismissed. Hence appellants' reliance on Rule 15(c), dealing with the relation back of amendments in suits in esse, is wholly misplaced. But the United States, being served with the pleading, was entitled to treat its filing as tantamount to the institution of a new action within the court's jurisdiction. The government's conduct in moving to dismiss it as barred by the statute of limitations indicates clearly that such was its understanding and purpose. Its consent to a subsequent amendment of appellants' pleading was entirely consistent with this treatment of the matter and could not sensibly be regarded as a waiver of its rights in the premises.

Since in this view of the matter the statute of limitations had admittedly run, the judgment of dismissal on that ground was proper and should be affirmed.

POPE, Circuit Judge (concurring).

With one qualification, not significant here, I concur in these opinions, both that of Judge DENMAN and that of Judge HEALY.

In view of Mexican Central Railway v. Duthie, 189 U.S. 76, 23 S.Ct. 610, 47 L. Ed. 715, where the statute applied contained language resembling that in Rule 15(a), I am not prepared to say that leave to amend here could be granted only on an application under Rule 60(b). As suggested in United States v. Newbury Mfg. Co., 1 cir., 123 F.2d 453, 454, I think we need not decide this point at the present time.

But since appellant made no application whatever for leave to file a second amended complaint, he simply ignored all the rules. It would be hard to frame a more liberal rule than Rule 15, but when a party chooses not to take the steps provided by it, he must take the consequences.

---

1. In the main, Rule 60(b) states old and familiar principles of practice obtaining in many of the states as well as in the Federal jurisdiction.

2. Rule 15(a) in pertinent part provides: "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; * * *."