**Decided October 20, 1986**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| AUGUSTA B. MATSUMOTO and JOSE Y. MATSUMOTO, | ) ) ) | CIVIL ACTION NO. 86-13 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | DISMISSAL WITH PREJUDICE |
| MAXIMO DELOS REYES AKIYAMA, VICTORIA A. VAUGHAN and MARIA A. ALDAN, Sole heirs of MARIA SABLAN DELOS REYES, Deceased., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The defendant, Victoria A. Vaughan (Vaughan), has filed a motion to dismiss plaintiffs' complaint, or, in the alternative, for summary judgment. There is no dispute over the facts and procedural events leading up to the motion. It is only the legal implications of the events which need to be resolved.

## PROCEDURAL HISTORY

On September 28, 1984 the Commonwealth Land Commission issued two Determinations of Ownership for Lots 825 and 826 pursuant to 2 CMC § 4243. Title to the lots was found to be in the Heirs of Maria Sablan Delos Reyes. However, in the case

of lot 825, it is noted that Maria Aldan (an heir of Reyes) sold her interest to Augusta B. Matsumoto. The Determination of Ownership for Lot 826 reflects that Maximo Reyes Akiyama (another heir) sold his interest to Jose Y. Matsumoto.

The two Matsumotos filed a separate "Notice of Appeal", ostensibly appealing the Determination of Ownership.[1] The grounds stated were that the respective Matsumotos were the owners of the property by virtue of the warranty deeds reflected in the Determinations of Ownership. Also, adverse possession, statute of limitations and laches are mentioned.

No further proceedings occurred until September 19, 1985 and September 20, 1985 when a "First Amended Complaint and Summons" was filed in each case. The amended complaint recognized that the "Notice of Appeal" was not the proper vehicle to test the Determinations of Ownership pursuant to 2 CMC § 4249.

Defendant Vaughan filed a motion to dismiss in both Civil Actions 85-34 and 85-35 and after a hearing, the motion was granted by order of the court and entered on January 23, 1986.

No appeal from this order was taken but plaintiffs filed the instant action on January 16, 1986.

---

[1] Civil Action 85-34 was brought by Jose Matsumoto and Civil Action 85-35 shows Augusta Matsumoto as the plaintiff. In each case the original caption shows the Matsumotos as an appellant and the Heirs of Maria Sablan Delos Reyes as appellees.

Defendant Vaughan filed the motion now before the court on the grounds that the order of dismissal in Civil Actions 85-34/35 is res judicata. The plaintiffs argue that the order of dismissal was only as to Vaughan and therefore not an appealable order without a Com.R.Civ.Pro. Rule 54(b) certification. Thus, it is asserted, there is no res judicata result attained from the order of dismissal.

## DISCUSSION

A review of the Vaughan motion in Civil Actions 85-34 and 85-35 makes it clear that it was based upon subject matter jurisdiction. The motion, though filed only by Vaughan, was directed to the two civil actions in their entirety. The Order of the court which dismissed the actions is also clear that the actions were dismissed because the court found that it had no jurisdiction over the actions because 2 CMC § 4249 had not been complied with.

The plaintiffs' argument that the dismissal order was only directed to Vaughan and not Aldan and Akiyama is belied by the plain wording of the dismissal order.

The plaintiffs point out that Aldan never appeared in Civil Action 85-34 and was in default but with no judgment entered. In Civil Action 85-35, Akiyama consented to entry of judgment, which judgment had not been entered. Since no judgment had been entered as to Aldan and Akiyama, the plaintiffs argue that Rule 54(b) comes into play - eliminating any res judicata effect.

890

The flaw in plaintiffs argument is that the court found it simply had no jurisdiction in either Civil Action 84-35 or 85-35. In such a case it is impossible to parcel out or waive the basic jurisdictional defects to one or more co-defendants even if they stand in a default or consenting judgment status.

The order of dismissal of Civil Action 85-34 and 85-35 was final and determinative of the matters and was an appealable order under Rule 54(a). Sherr vs. Sierra Trading Corp., (1970, CA10) 492 F.2d 971, 978 (Order dismissing action, as distinguished from dismissal of complaint, is a final judgment). Eisen vs. Carlisle & Jacquelin, (1966, CA2) 370 F.2d 119, 120-121 (Dismissal of class action was appealable where effect of dismissal order was to terminate the litigation). J.E. Haddock, Ltd. vs. Pillsbury, (1946, CA9) 155 F.2d 820, 822-823 (Order dismissing complaint in action was a final disposition).

The plaintiffs lose nothing from the dismissal of the actions in so far as defendants Akiyama and Aldan are concerned. All the plaintiffs could have attained is a mere repeat of what the Land Commission had already found. Akiyama and Aldan did not ask for a review of the Determinations which had found they had deeded out their respective interests. In actuality, any review of the Determinations of Ownership requested by plaintiffs could only pertain to Vaughan because the Land Commission had already established plaintiffs' rights

against Aldan and Akiyama. To appeal from a favorable decision for the appellant is a legal <u>non</u> <u>sequitur</u>.

Thus it is of no import or consequence that Aldan and Akiyama were either added in the amended complaint or defaults taken against them. 2 CMC § 4249 provides for review of the Determinations of Ownership for one who <u>disagrees</u> with them and there is no procedure or need for one to have the court put an additional stamp of approval on the Land Commission's decision.

As a result, plaintiffs were <u>not</u> asking for (nor could they attain) any relief against anyone except Vaughan. Rule 54(d) is therefore inapplicable because it comes into play only when more than one claim of relief is presented in an action or when multiple parties are involved.

2 CMC § 4249 is crafted for the purpose of testing the viability of a Land Commission Determination of Ownership. The procedure is exclusive and final as to all those who had notice of the Determination of Ownership. This is statutorily mandated by 2 CMC § 4251. The entire system of Land Registration Teams and the Land Commission in determining titles would be circumvented if plaintiffs (and others like them) were able to file collateral suits days, months, or years after the procedural steps set forth in the Land Commission Act (2 CMC §§ 4211 to 4252) had been completed. Any Certificates of Title issued pursuant to § 4251 would not enjoy the sanctity and reliability they now have because of the provisions of the

Act.[2] It is no answer for the plaintiffs to say that the jurisdictional basis for their claim is switched from 2 CMC § 4249 to 1 CMC § 3102 (the general jurisdiction provision for the Commonwealth Trial Court).

Accordingly, it is held that the dismissal order for Civil Actions 85-34 and 85-35 is an appealable order which is now final. It is res judicata and à bar to this action.

IT IS ORDERED that this action be and the same is hereby dismissed with prejudice.

Dated at Saipan, CM, this 20th day of October, 1986.

Robert A. Hefner, Chief Judge

---

[2/]
This point is no more evident than the case sub judice. Following the dismissal of Civil Actions 85-34/35 the Land Commission issued Certificates of Title which notifies any purchaser that title is vested in the heirs of Maria Reyes except for the Matsumotos interests. Were this case to continue as plaintiffs envision, the certificates of title would be of doubtful validity until the matter of Vaughan's interest is resolved.