IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2024 Session

## CLINT JOHNSON v. AIRTIGHT RESOURCES INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 19C-724  Joseph P. Binkley, Jr., Judge**

_____

**No. M2023-01336-COA-R3-CV**

_____

As permitted by statute, the plaintiff in a personal injury action amended his complaint to add a nonparty as a new defendant based on the original defendant's allegations of comparative fault in an amended answer. The new defendant filed a motion to dismiss, arguing that the statute of limitations barred the claims against him because the original defendant lacked permission to file the amended answer. The trial court struck the amended answer and dismissed the claims against the new defendant on statute of limitations grounds. Because the original defendant had written consent to file the amended answer, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II and JEFFREY USMAN, JJ., joined.

James Bryan Moseley, Murfreesboro, Tennessee, for the appellant, Clint Johnson.

No brief filed on behalf of appellee, Phillip Taylor.

**MEMORANDUM OPINION**[1]

**I.**

After falling through an exterior door on the second story of his mother's garage, Clint Johnson filed a tort action against Airtight Resources Inc. seeking compensatory

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

damages for his personal injuries. According to Mr. Johnson, his mother hired Airtight to install the door, and it did so improperly, causing his fall.

Airtight asserted the affirmative defense of comparative fault in its answer. It denied being hired to fix the door and alleged that an unknown individual fraudulently obtained a permit in its name. Airtight identified David Calderon, a subcontractor who apparently worked on the door, as a nonparty who may have caused or contributed to Mr. Johnson's injury. Otherwise, Airtight claimed it did not know the identities of the general contractor who hired Mr. Calderon or the person who obtained the fraudulent permit.

Mr. Johnson filed a timely amended complaint adding David Calderon as a defendant. In response to the amended complaint, Airtight continued to allege that it was not hired to work on the door and remained "without actual knowledge as to who the Plaintiff['s mother] hired." Mr. Calderon also filed an answer.

By court order, a special master held a series of mandatory case management conferences. *See* TENN. R. CIV. P. 16.01. Counsel for all parties attended a case management conference in early May 2021. According to Case Management Order No. 6,

> At the prior conference, Airtight . . . anticipated filing an amended answer naming Phillip Taylor as responsible party. Airtight had not amended as of the May 3 conference but represented that it still intends to do so. The parties have not taken any additional discovery. Therefore, Airtight shall file its amended answer naming Phillip Taylor as a responsible party on or before May 14, 2021. Failure to timely file an amended answer will preclude Airtight from naming Phillip Taylor in the future.

All the attorneys signed the case management order as did the special master. The trial court later signed and entered the order into the record. For some reason, the order was not filed and entered until after the May 14 deadline.

In compliance with the agreed deadline, Airtight filed an amended answer on May 14, 2021, attributing fault to Mr. Taylor. Five days later, Mr. Johnson filed a second amended complaint adding Mr. Taylor as a new defendant. Allegedly, Mr. Taylor requested a construction permit for the door project using Airtight's license even though he did not have authority to do so.

Before Mr. Taylor was served with process, Mr. Johnson and Airtight settled all matters between them. By agreed order, the court dismissed Mr. Johnson's claims against Airtight with prejudice.

A few months later, Mr. Taylor moved to dismiss the claims against him and/or for a judgment on the pleadings. *See id.* 12.02(6), 12.03. Mr. Taylor argued that the one-year

2

statute of limitations for Mr. Johnson's personal injury action had expired. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A) (2017). In Mr. Taylor's view, Airtight's allegations of comparative fault in its amended answer did not trigger the statutory grace period for adding a new defendant because Airtight lacked permission to file an amended pleading. *See id.* § 20-1-119(a)(1)(A) (Supp. 2025); TENN. R. CIV. P. 15.01. Mr. Taylor also moved to set aside Case Management Order No. 6, "which allowed Airtight to amend its answer to name [him] as a tortfeasor." He maintained that "it was improper" for the special master to give such approval under these circumstances.

Mr. Johnson insisted that Airtight had permission from the parties and the court to file an amended pleading, as evidenced by Case Management Order No. 6. *See* TENN. R. CIV. P. 15.01. Thus, the second amended complaint was timely. *See* Tenn. Code Ann. § 20-1-119(a)(1)(A).

After reviewing the record, the trial court ruled that the applicable statute of limitations barred Mr. Johnson's action against Mr. Taylor. It found no evidence in the record that Airtight was given written consent to amend its answer. Noting that the case management order was entered after the purported deadline for filing an amended answer had passed, the court reasoned that "the order ha[d] no effect" and could not be used to support Mr. Johnson's argument. So it struck Airtight's amended answer and dismissed the claims against Mr. Taylor. Finding no just reason for delay, it certified the dismissal order as final. *See* TENN. R. CIV. P. 54.02.

## II.

Whether the claims against Mr. Taylor should be dismissed based on the statute of limitations is a question of law. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012). We review the trial court's decision de novo with no presumption of correctness. *See Franks v. Sykes*, 600 S.W.3d 908, 911 (Tenn. 2020) (dismissal of a claim on a Rule 12.03 motion for judgment on the pleadings); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (dismissal on a Rule 12.02(6) motion to dismiss).

Mr. Johnson filed his original complaint before the one-year statute of limitations for personal injury actions expired. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A). Two years later, Airtight alleged in an amended answer that Mr. Taylor caused or contributed to Mr. Johnson's injury. Mr. Johnson immediately amended his complaint to add Mr. Taylor as a defendant. *See id.* § 20-1-119(a)(1)(A); TENN. R. CIV. P. 15.01. By statute, plaintiffs have a ninety-day window "to amend a complaint to add as a defendant any unnamed person alleged by a defendant to have caused or contributed to the plaintiff's injury, even if the statute of limitations applicable to the plaintiff's cause of action has expired." *Bidwell ex rel. Bidwell v. Strait*, 618 S.W.3d 309, 324 (Tenn. 2021) (citing Tenn. Code Ann. § 20-

3

1-119). Given his prompt filing, Mr. Johnson should be entitled to the protection of this statutory safe harbor.

Even so, Mr. Taylor convinced the trial court otherwise, arguing that Airtight's amended answer was procedurally defective. Tennessee Rule of Civil Procedure 15.01 governs the filing of amended pleadings. At that point in the litigation, Airtight could only amend its pleadings "by written consent of the adverse party or by leave of court." TENN. R. CIV. P. 15.01.[2] It is undisputed that Airtight never sought leave of court to file an amended pleading. But Mr. Johnson contended that Airtight had written consent of the adverse parties, as evidenced by Case Management Order No. 6.

Interpretation of the rules of civil procedure presents a legal question, which we review de novo with no presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). We construe procedural rules liberally "to secure the just, speedy, and inexpensive determination of every action." TENN. R. CIV. P. 1. Rule 15.01 is no exception. Rule 15.01 takes a permissive approach to amendments, providing that "leave [of court] shall be freely given when justice so requires." *Id.* 15.01. Still, the rule gives little guidance as to the acceptable form of written consent. Nor have Tennessee courts addressed this issue.

Rule 15.01 is virtually identical to Federal Rule of Civil Procedure 15(a)(2). *Gardiner v. Word*, 731 S.W.2d 889, 891 (Tenn. 1987); FED. R. CIV. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). Thus, we may look to federal court decisions interpreting the comparable federal rule for guidance. *See Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015). The federal courts take a liberal view of what constitutes written consent. 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1490 (3d ed. 1998). Because the rule does not prescribe a particular format, any writing that clearly reflects the consent of the adverse party will do. *Id.*; *see Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954). For example, if the adverse party consents to the amendment in open court, a minute entry in the court file may be sufficient. *Fern*, 213 F.2d at 677. Federal courts have also implied consent to an amended pleading based on "an act of the [adverse] party" showing acceptance of the amendment, "especially if that act is evidenced by a writing." WRIGHT & MILLER, *supra*, at § 1490; *see, e.g.*, *Shirey v. United States*, 582 F. Supp. 1251, 1253 n.1 (D.S.C. 1984) (finding implied consent when the plaintiff's counsel failed to object to the amended answer for fifteen months); *Schwartz v. Pattiz*, 41 F.R.D. 456, 458 (E.D. Mo. 1967), *aff'd*,

---

[2] Rule 15.01 specifically exempts parties, such as Mr. Johnson, who file "amendments adding defendants pursuant to Tenn. Code Ann. § 20-1-119" from this requirement. TENN. R. CIV. P. 15.01. Airtight's blame-shifting amendment did not fall within this exemption.

386 F.2d 300 (8th Cir. 1968) (finding adverse party estopped to deny consent based on subsequent conduct).

Given Rule 15.01's permissive approach to amendments in general and the interpretation of its federal counterpart, we conclude that the case management order was sufficient proof of the written consent of the adverse parties.[3] Delayed entry of the order does not preclude its use as evidence of written consent. Despite the timing of its entry, it is still a writing, signed by counsel for all parties to the litigation, clearly showing consent for Airtight to file an amended answer naming Mr. Taylor as a responsible party. The litigants' subsequent conduct only bolsters this conclusion. No one objected to the amendment. And the main adverse party, Mr. Johnson, expressly relied on the amended answer when he filed his second amended complaint.

### III.

We conclude that Airtight had written consent from the adverse parties to file an amended answer attributing fault to Mr. Taylor. Because Mr. Johnson filed the second amended complaint within the statutory ninety-day window, the claims against Mr. Taylor are not subject to dismissal on statute of limitations grounds. So we reverse the dismissal and remand for further proceedings.

                                                    _s/ W. Neal McBrayer_____
                                                  W. NEAL MCBRAYER, JUDGE

---

[3] Mr. Taylor was not a party to the litigation when the amended answer was filed. So his written consent was not required. *See Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 693 F. Supp. 168, 189 (D.N.J. 1988) (identifying the opposing parties "at the time the plaintiffs sought to amend their pleadings").