## McDOWELL et al. v. KIEHEL.

(Circuit Court of Appeals, Third Circuit. June 23, 1925.)

No. 3310.

**1. Municipal corporations ⬚⟹706(7)—Refusal to direct verdict on ground of plaintiff's contributory negligence held not error.**

In an action for personal injury resulting from a collision between two motor vehicles, refusal to direct a verdict for defendant on the ground of plaintiff's contributory negligence *held* not error, where the evidence which determined that issue was conflicting, and it was determined by the jury in favor of plaintiff.

**2. Courts ⬚⟹347—In allowance of amendments, federal courts are not bound by state practice.**

In the allowance of amendments to pleadings, a federal court is not bound by the state practice.

**3. Parties ⬚⟹95(6)—Amendment charging defendants personally, instead of as executors, held allowable.**

Where, in the statement of claim in an action for negligence, defendants were described as executors, an amendment striking out such description, making the action one against them personally, the stated cause of action remaining the same, was allowable, under Rev. St. § 954 (Comp. St. § 1591).

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by Stephen R. Kiehel against Harold D. McDowell and another. Judgment for plaintiff, and defendants bring error. Affirmed.

F. B. Bracken and J. Frederick Martin, both of Philadelphia, Pa., for plaintiffs in error.

Robert T. McCracken and Roberts & Montgomery, all of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

BUFFINGTON, Circuit Judge. On the basis of divided citizenship, Stephen R. Kiehel brought suit in the court below against Harold D. McDowell and Wesley J. McDowell, executors of Wesley S. McDowell, to recover damages for injuries suffered by him when struck by an auto truck operated by a driver in the employ of the defendants, who had continued and were then carrying on the lumber business of the decedent. Subsequently, and over their objection, the plaintiff was allowed to, and did, amend his pleadings, and made the suit one against the two McDowells personally. Thereafter the

case was tried, and resulted in a verdict for plaintiff, and, on the entry of judgment, defendants took this writ of error.

The proofs tended to show the two defendants were carrying on a lumber and coal business at Chester, Pa., under the name of Estate of W. S. McDowell. W. S. McDowell was dead, and the defendants were his sons and executors. One of their employees was driving a laden lumber truck along Booth street, with the intention of turning down Third street. Under the Pennsylvania statute, this truck thus approaching Third street from the right, had the right of way as against the plaintiff, who, at the same time, was approaching the intersection, on the right-hand side of Third street, on his motorcycle. While the truck had the right of way across Third street, yet, in making the turn to go down the left-hand side of Third street, the Pennsylvania statute[1] made it the duty

---

[1] Sec. 990. *Meeting, Passing, or Overtaking Other Vehicles.* No operator of a motor vehicle who meets or overtakes a street passenger car that has stopped for the purpose of taking on or discharging passengers, shall pass said car on the side on which the passengers get on or off until the car has started and until any passengers who may have alighted shall have reached the side of the highway.

When meeting or when overtaken by any other vehicle legally traveling at a greater rate of speed, the operator of any motor vehicle shall turn promptly to the right of the center of the highway, allowing such other vehicle free passage to the left.

The operator of any motor vehicle overtaking another vehicle shall pass such vehicle on the left, but shall not attempt to pass any such vehicle at intersecting highways, or at a sharp turn or curve or on approaching the crest of a hill where a full view of the highway ahead for a distance of two hundred (200) feet is obstructed.

Every operator of a motor vehicle shall, at all times, keep as close as possible to the right-hand side of the highway, allowing other vehicles free passage to the left, and no operator of a motor vehicle shall allow such vehicle to stand in the center of the highway or so as to obstruct or interfere with any other users thereof.

At the intersection of public highways, the operator of a motor vehicle shall keep to the right of the intersection of the centers of such highways when turning to the right, and shall pass to the right of such intersection before turning to the left.

When two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way.

When signaled to do so by the rider or driver of any horse or other animal of draft or burden, the operator of a motor vehicle shall stop until any danger has been avoided.

Act June 30, 1919 (P. L. 678) § 25, as amended by Act June 14, 1923 (P. L. 718), § 22 (Pa. St. Supp. 1924, § 990).

of the truck to keep on the right-hand side of Booth street, and to keep on that side until it turned to the left to go down the left side of Third street. Following this course —which the approaching motorcycle on Third street was bound to respect, but which it also had a right to expect would be followed—the truck had the right of way over the motorcycle. As a house on the corner of the two streets limited the vision of intersection crossing drivers, the observance of these statutory directions was peculiarly the safeguard to both. With the right of way against it for vehicles coming from its right, the duty, of course, rested on the motorcycle to approach the crossing under control. In substance the court so instructed the jury, and, if the case was one to go to the jury, we find no error in the court so holding.

The questions and alleged errors involved are: First, in allowing the amendments; second, in not taking the case from the jury because of plaintiff's contributory negligence; and, third, incorrect instructions by the court as to the respective rights and duties of auto drivers at intersecting streets.

Was the court in error in refusing, as a matter of law, to adjudge the plaintiff guilty of contributory negligence? In that regard, we feel the case was peculiarly one for a jury. The testimony was most conflicting. In the same direction, and abreast of plaintiff's motorcycle, a street car came along Third street, and also approached the Third and Booth street intersection, at the time of the accident. The proofs on behalf of the plaintiff were that the motorcycle approached the intersection under control, but the truck, instead of keeping on the right-hand side of Booth street, was on the left, and, instead of passing over to the left-hand side of Third street, tried to make a sharp corner turn from the left-hand side of Booth into the right-hand side of Third, and that, to avoid collision, the motorcycle steered as far to its own left as it could in avoiding the approaching street car, but was unable to avoid the collision.

On the part of the defendants, the proofs were that the collision did not occur as above, and that the motorcycle, instead of being at the intersecting corner, had, in attempting to get ahead of the street car, passed back of the street car and from the right to the left hand side of Third street, and was thus on the wrong side of Third street, and had cut off both its own view of Booth street and the truck's power to see the motorcycle, by the latter getting on the left side of the street car, and that it shot out ahead of the street car and was struck by the truck wholly through its own contributory negligence.

[1] In the face of these radically conflicting accounts as to how the accident in fact occurred, it is apparent the court could not adjudge the plaintiff guilty of contributory negligence, but properly left it to the jury, saying: "The theory that the defendant presents to you is that, instead of that he (the plaintiff) came up where the trolley car would have shut off his view of Booth street altogether, he could not see what was happening on Booth street if he was on the left-hand side of the trolley car, and instead of that he passed straight on and really collided with the truck." But the verdict establishes that the facts were not as the defendants, but as the plaintiff, contended. Consequently there was no error in the court's refusing to give binding instructions against the plaintiff on the ground of contributory negligence.

It remains to consider the alleged error of the court in allowing the amendment. In the statement of claim the two defendants were described as executors of the estate of Wesley S. McDowell, and, describing the cause of action, it alleged: "The defendants are engaged in the lumber and coal business * * * and carry on business * * * under the name of the estate of W. S. McDowell." It further averred the motor truck in question was "owned by the defendants and operated by their servant, agent, or employee in their business"; that the collision was caused "solely by the negligence and carelessness of the defendant's servant, agent or employee"; and concluded, "Wherefore the plaintiff brings this suit to recover damages from the defendants." Subsequently the plaintiff was permitted to amend by striking from the caption of the case the words "Executors of the Estate of Wesley S. McDowell," and striking out from the first paragraph of plaintiff's statement the words "under the name of the estate of W. S. McDowell," and making said paragraph read: "The defendants are, and at the time of the grievances hereinafter set forth were, engaged in the lumber and coal business * * * under the name of W. S. McDowell Estate." The court, holding that "the suing of the defendants in a federal court in their representative, instead of their individual, capacity is a matter of form, and sets up no different cause of action," allowed the amendment.

[2, 3] Assuming for the present, but not deciding, that such amendment was necessary to sustain this judgment, we are, in view of section 954, Revised Statutes (section 1591, Compiled Statutes), and the marked disposi-

tion of federal courts to allow amendments, where the cause of action is not changed (Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 576, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; McDonald v. Nebraska, 101 F. 171; Hastings v. Herold [C. C.] 184 F. 759; Boston & Maine R. R. Co. v. Sullivan [C. C. A.] 275 F. 890.), of opinion that a federal court is not bound by state practice in allowing amendments (Mexican Central Ry. Co. v. Duthie, 189 U. S. 76, 23 S. Ct. 610, 47 L. Ed. 715), and that the court below therefore committed no error in so doing. The stated cause of action alleged the defendants were engaged in the business, owned the truck, and employed its driver, and prayed recovery from the defendants. That cause of action and formal amendment made no actual change of cause of action whatever, and no substitution of parties; and in this connection we may say that the trend of federal decisions in regard to amendments is in substantial accord with the New York state decision in Boyd v. United States Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146, in which the first paragraph of the syllabus is: "The amendment of a complaint, so as to charge defendant individually, instead of in a representative capacity, does not bring in a new party, so as to permit him to take advantage of the statute of limitations, in case the limitation period had run before the amendment was made."

The judgment below is therefore affirmed.