**GARVY v. ALLBORG et al.**

No. 15530.

District Court, N. D. Illinois, E. D.

Sept. 27, 1939.

Malato & Horrell, Isidore Goodman, and Theodore E. Rein, all of Chicago, Ill., for plaintiff.

Edward J. Warren, of Chicago, Ill., for defendant E. C. Cook.

Mayer, Meyer, Austrian & Platt, of Chicago, Ill., for defendant David A. Noyes & Co.

Paden & Kropf, of Chicago, Ill., for defendant Edna Sturve.

McNab, Holmes & Long, of Chicago, Ill., for Thomas H. Hair.

Marshall & Marshall, of Chicago, Ill., for defendant Ben T. Wright.

Henry L. Graf, of Chicago, Ill., for defendant J. W. Morsbach.

Bullinger & Michels, of Chicago, Ill., for defendants Felix Rothchild and Achenbach.

John Taylor Booz, of Chicago, Ill., for defendant E. Klein.

Laff & Zimring, of Chicago, Ill., for defendant Nathan Moskowitz.

Thomas G. Vent, of Chicago, Ill., for defendant Leslie F. Muter.

George Gillette, of Chicago, Ill., for defendant Maurice J. Flynn.

HOLLY, District Judge.

Plaintiff as successor receiver of Peoples National Bank of Chicago has filed his amended complaint herein seeking to recover from the stockholders of National Republic Bancorporation, hereinafter referred to as Bancorporation, the amount of assessment levied by the comptroller on stockholders of Peoples National Bank & Trust Company. I sustained the motion to dismiss the original bill, Pearson v. All Borg, D.C., 23 F.Supp. 837. In the amended bill the plaintiff charges directly, and not by way of conclusion or inference, that the intent of the organizers of Bancorporation was to organize a bank stock holding company which would acquire by exchange of shares of stock of Bancorporation shares of stock in the various banks in Chicago and nearby territory and thereby operate a group or system of branch banks, all to be under the administration, control and direction of said Bancorporation; that all of the benefits and advantages of ownership of stock in such banking institutions should accrue to the holders of stock of Bancorporation without any obligations or burdens of holders of bank stock, and especially the obligation to creditors of the bank in the event of its insolvency. It is further alleged that each stockholder of Bancorporation was informed of such intentions of the organizers of Bancorporation, and it is further alleged directly that all the stockholders of Bancorporation named in the amended complaint acquired their several holdings of Bancorporation upon the representation to them, and with the knowledge and understanding, that Bancorporation would direct and control the operation of the business of the said several banks named in the amended complaint; that for approximately seven months after the organization of Bancorporation its sole assets consisted of stocks mentioned in the amended complaint and from thence forward until Bancorporation ceased to do business between 95 and 96 per cent of all of its assets consisted of such bank stocks, and that the defendants herein were well

aware that the assets of Bancorporation consisted solely of such bank stocks.

I am inclined to think that in its amended bill of complaint the receiver has stated facts which, if proven, entitle him to the relief prayed. It is objected that the allegations above mentioned are mere conclusions of the pleader. I do not agree. In this bill while the direct allegations of fact are clouded and confused by the rhetoric in which the pleader has indulged there is enough by way of direct allegation of fact to charge that Bancorporation was in effect a holding company engaged in operating a system of chain banking in violation of the laws of Illinois; that its defendant stockholders were aware of that fact; and that it had practically no assets other than the bank stocks owned by it.

A further objection to the amended complaint is that the original complaint did not state a cause of action and that plaintiff is barred by the statute of limitations from recovering under the amended bill. With this contention I am in disagreement. The facts alleged in the amended complaint were contained in the original bill by way of conclusion and inference, and even if we were operating under the old rules I would have to hold that this is a case merely of remedying a defective pleading.

As to certain defendants, however, the defense of the statute of limitations must be sustained. It is alleged, for the first time, in the amended complaint that on or about June 20, 1932, the date of the closing of the Peoples National Bank & Trust Company of Chicago, and for sixty days prior thereto, one Frank R. Curda was the registered owner of 34,028 shares of the capital stock of Bancorporation; that as to 20,718 shares thereof he held title merely as nominee for one of four several parties or groups of parties as follows:

1. The National Republic Company, a corporation.

2.
| | |
|---|---|
| W. A. Wieboldt | L. E. Johnson |
| L. H. Prybylski | Peter H. Schwaba |
| A. J. Orthal | E. K. Jarecki |
| Fred W. Georges | John G. Carlsen |
| Louis D. Glanz | John J. Krause |
| Peter L. Evans | Thomas R. Hair |
| Ernest Fenske | P. Drymalski |
| Meyer Teitelbaum | |

3. The National Bank of the Republic, a corporation,

4. Central Republic Trust Company, a corporation, formerly known as Central Republic Bank & Trust Company, a corporation, successor by consolidation and change of name to Central Trust Company of Illinois, a corporation, and Chicago Trust Company, a corporation,

That said Central Republic Trust Company, a corporation, was closed by order of the Auditor of Public Accounts of the State of Illinois, and one Charles H. Albers is now the duly appointed, qualified and acting receiver thereof.

These parties, as to said 20,718 shares, were made parties for the first time when the amended complaint was filed July 28, 1938, more than five years after the date of the closing of said Peoples National Bank. Their motion to dismiss as to these shares must be sustained.

An order accordingly will be entered September 27, 1939, at 10 o'clock A. M.