RICKS v. CORAK et al.
Civ. A. No. 5428.

District Court, E. D. Pennsylvania.
May 24, 1946.

Maurice G. Weinberg, of Philadelphia, for plaintiff.

Harry Friedman, of Philadelphia, for defendants.

KALODNER, District Judge.

This suit was brought to recover damages, counsel fees and costs pursuant to Section 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 23, as amended, 50 U.S. C.A. Appendix, § 925(e). The plaintiff alleges rent charges for the housing accommodations situated at 1218 North Warnock Street, Philadelphia, Pennsylvania, in excess of the maximum rent permitted by Maximum Rent Regulation No. 28.

Judgment by default was entered on February 20, 1946, against the defendant Jack Israel. Nevertheless, the plaintiff presses her claim against the defendant Corak.

The cause having come on to be heard by the Court without a jury, on the basis of the pleadings and the evidence, I make the following

### Findings of Fact

1. Violet Corak, as owner of the premises situated at 1218 North Warnock Street, Philadelphia, Pa., entered into a written agreement leasing all the aforementioned premises to Jack Israel.

2. Jack Israel was not an agent for or on behalf of Violet Corak, nor did he act in such capacity, for the purposes of letting the aforementioned premises.

### Discussion

The basic question here involved is whether an agency relationship existed between Corak and Israel for the purpose of letting the housing accommodations occupied by the plaintiff. If an affirmative answer is given, Corak, as principal, would be liable in this action to the plaintiff under settled principles of agency law.

However, the view taken by the plaintiff was unsupported at the trial. In my opinion, there was insufficient credible evidence to establish an agency relationship between the two defendants.

Contrary to plaintiff's contention, it was disclosed that Corak, as owner of the premises in controversy, had leased them to Israel. The rent paid by Israel under his lease is not in controversy, and we are here concerned only with the landlord-tenant relationship existing between Israel and the plaintiff. In point of fact, then, Israel rather than Corak is the plaintiff's lessor, demanding and receiving the illegal rent and acting on his own behalf. Consequently, Israel, as plaintiff's lessor, would be liable under the statute and the regulations to the plaintiff. This is indicated by Section 13(a) (8) of the Rent Regulation for Housing, 14 OPA Service, Page 200:367-A.1, which defines the term "landlord" to include a sublessor.

Accordingly, I state the following
### Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter.

2. The relationship of landlord and tenant did not exist between the defendant Violet Corak and the plaintiff Willietta Ricks.

3. The relationship of principal and agent did not exist between Violet Corak and Jack Israel with respect to the premises situated at 1218 North Warnock Street, Philadelphia, Pa.

4. The defendant Violet Corak is not liable for illegal rents demanded and received by Jack Israel from the plaintiff for the housing accommodations located at 1218 North Warnock Street, Philadelphia, Pa.

5. No cause of action has been established against the defendant Violet Corak.

The complaint must be dismissed and an order may be entered in accordance herewith.