SANDERS v. METZGER.

Civ. A. No. 5352.

District Court, E. D. Pennsylvania.

June 6, 1946.

Joseph Blank, of Philadelphia, Pa., for plaintiff.

Allen J. Levin, for Sundheim, Folz, Kamsler & Goodis, all of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This action was brought by the plaintiff pursuant to Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e) to recover damages for alleged rent overcharges, plus attorney's fees and costs. The period for which plaintiff seeks recovery, as alleged in the complaint, is from May 1, 1944, to July 1, 1945, inclusive.

The complaint, filed on November 1, 1945, designated as the defendant "Eli Metzger, trading as or manager of Morris Management Company, Room 708, 1700 Sansom Street, Philadelphia, Pa." Service of the summons and a copy of the complaint was had on Eli Metzger personally at that address. On December 1, 1945, Eli Metzger filed an answer denying, inter alia, that he was trading as, or manager of, Morris Management Company, Subsequently, on February 26, 1946, plaintiff petitioned to amend the record by substituting "Morris Management Company, a corporation" instead of "Eli Metzger, trading as or manager of Morris Management Company", and seeks leave to file an amended complaint incorporating such change. The petition to amend alleged recent discovery of the fact that Morris Management Company is a corporation, and that Eli Metzger is vice-president thereof.

The motion is presently resisted on the ground that its effect is to bring in a new party after the statute of limitations has run upon part of the claim stated. Section 205(e) of the Act places a one-year limitation upon claims arising thereunder.

Manifestly the statute of limitations has run on a great part of plaintiff's cause of action with respect to the Morris Management Company.

If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. See McDowell v. Kiehel, 3 Cir., 1925, 6 F.2d 337; Weldon v. United States, 1 Cir., 1933, 65 F.2d 748; 5 Fed. Rules Service, Comm. 15c.31.

On the other hand, if the effect of the amendment is to substitute for the defendant a new party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run.[1] Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Schram v. Poole, 9 Cir., 1938, 97 F.2d 566, 572; Royal Worcester Corset Co. v. White, D. C. Mass.1941, 40 F.Supp. 267; Garvey v. Allborg, D.C.N.D.Ill.1939, 1 F.R.D. 131; see 5 Cyc. of Fed. Procedure (2nd Ed., 1938) page 656.

In the instant case, plaintiff contends that Eli Metzger is vice-president of Morris Management Company and that that corporation may be substituted in his place since service on him, as an officer, would have been proper had suit been brought against the corporation in the first place. Further, it is argued that it can not be said that a new party is attempted to be brought on the record because the name Morris Management Company appears in the original proceeding.

If the argument of plaintiff were taken literally as admitting that the action was not brought against the Company in the first place, then, on the cases cited, there is no merit to the instant motion. However, the difficulty with plaintiff's argument is that it overlooks the question against whom the action was brought in the first place. The importance of this question is

---

[1] In Pennsylvania, the rule is similar. However, a difference apparently exists, in the federal practice, where change of capacity is concerned: as to the party defendant cf. McDowell v. Kiehel, supra, with Bender v. Penfield, 235 Pa. 58, 83 A. 585; and as to the party plaintiff cf. 1 Goodrich-Amram, Procedural Rules Service, Sec. 2003-4, with 5 Fed.Rules Service, Comm. 15a.31.

reflected in the case of Davis v. L. L. Cohen & Co., supra, where action was brought against a railroad company and service had on a local officer. A motion to substitute the Director General as defendant was denied even though the railroad was in his hands when the cause of action arose, and despite the fact that service on the same local officer would have been a proper service on the Director General.

In my opinion, action here was brought against the individual, Eli Metzger, and service was had upon him. While the complaint undoubtedly designates Eli Metzger as the defendant, the erroneous description "trading as or manager of Morris Management Company", did not necessarily indicate to either Metzger or Morris Management Company that the Company, rather than Metzger, was the party intended to be sued. Even noting that the person served was also an officer of the corporation and therefore a proper person to receive service on its behalf, the corporation, and Metzger as well, could reasonably have been, and in fact were, misled into believing that the action was one against Metzger.

The mere fact that Metzger is neither trading as nor manager of Morris Management Company would not prevent judgment against him: execution could be had on his property despite the erroneous description. However, if execution were levied in the original suit on property of Morris Management Company, the latter would have an impregnable defense.

It may be argued that the erroneous description "trading as Morris Management Company" might indicate that plaintiff intended to sue the Company, rather than the person. The difficulty is that Metzger was also described, in the alternative, as "manager of Morris Management Company," which clearly discloses that the suit was brought against the person; if plaintiff wished to sue the Company, action against its manager personally was hardly the way to do it.

■ Further, it is not necessarily true that the allegations of the complaint would have indicated that the plaintiff intended to sue the Company rather than Metzger. Under the Rent Regulation for Housing, on which plaintiff's claim is founded, an agent may be held personally liable for violations as well as the principal. See Dorsey et al. v. Martin, D.C., 58 F.Supp. 722; Ricks v. Corak, D.C., 65 F.Supp. 960. The personal liability of Metzger is not a mere fiction similar to that of a collector of internal revenue. See Hammond-Knowlton Co. v. United States, 2 Cir., 1941, 121 F.2d 192, 203.

The unusual alternative description merely emphasizes the reasonableness of the conclusion on the part of Metzger that it was he whom the plaintiff wished to hold personally liable for his actions, either as principal or agent, whichever proved to be the case. Accordingly it was Metzger who appeared and answered, rather than the Company.

To say that the Company is now in court is contrary to the plain fact. It was not the Company that was misdescribed, it was Metzger. The action was brought against Metzger, and service was had upon him. It is Metzger who appeared. The coincidence that Metzger, by virtue of his office, was competent to receive service on behalf of the Company, is immaterial, for the Company was not bound to take cognizance of an action against Metzger. Cf. Davis v. L. L. Cohen & Co., supra. The instant case differs from McDowell v. Kiehel, since there the plaintiff sought to change the capacity in which the defendant was sued, and, as the court pointed out, the defendant was in court. Here, the plaintiff is seeking to substitute for the defendant a different party, the Company, a legal entity, which is not in court, and the substitution of it for Metzger as defendant amounts to a new cause of action. Schram v. Poole, supra.

■ It is my conclusion that the amendment would bring in a new party. To permit an amendment relating back to the original complaint will deprive the Company of its defense, the running of the statute of limitations against a large part of plaintiff's claim. To construe the complaint as having stated a claim against the Company, and to construe the service

as having been competent to bring the Company into court would, in my opinion, cause the Company to suffer for the indefiniteness and lack of diligence of the plaintiff. Of course, since the statute of limitations has not run in favor of the Company on all of the plaintiff's claim, the Company may still be subject to liability to a limited extent upon the merits, and the plaintiff may choose to act accordingly.

The motion is denied and an Order may be entered pursuant hereto.