WALDEMAR BITHORN HUICY, Plaintiff and Appellant, v. FRANCISCO SANTANA AND HARTFORD ACCIDENT AND INDEMNITY CO., ETC., Defendants and Appellees.

No. 9626. Argued February 11, 1948.—Decided March 4, 1948.

282

*Francisco Vizcarrondo* for appellant.   *James R. Beverley, José López Baralt* and *R. Rodríguez León* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On November 14, 1945 Waldemar Bithorn Huicy was injured as a result of an accident which occurred when he attempted to board a bus.   On November 7, 1946 Bithorn filed suit in the district court against Hartford Accident and Indemnity Company for the damages resulting from this accident.

The complaint alleged that on the day following the accident, the plaintiff notified the directors of ''Metropolitan Bus'', which owned the bus, of the accident; that they expressed their deep regret that the accident had occurred; that they informed him that the chauffeur involved in the accident had quit his job the same night of the accident; that

they instructed the plaintiff to file his claim with the representative of the Hartford Company with whom their buses were insured; that the Treasurer of ''Metropolitan Bus'' informed the plaintiff that he had already personally advised the insurance company of the accident; that the plaintiff immediately informed the representative of the insurance company of the accident, requesting an investigation and stating that the accident was due to the negligence of the chauffeur of the bus and that the insurance company was therefore liable for the damage caused to the plaintiff; that notwithstanding the said requests and an interview with the representative of the insurance company, the latter has not made any reply, despite the fact that the plaintiff has informed the company of the protest of ''Metropolitan Bus'' because the company has made no investigation as requested by the plaintiff.

On November 18, 1946 the defendant company moved to dismiss the complaint on the ground that it failed to state sufficient facts to constitute a cause of action. On June 13, 1947 the district court entered an order granting the motion because the insurance company had been sued without the joinder of the owner of the car. The court relied on *United States Casualty Co.* v. *District Court,* 66 P.R.R. 884.

The lower court granted the plaintiff ten days within which to file an amended complaint joining the owner of the car as a co-defendant. On June 21, 1947—one year and seven months after the accident—the plaintiff filed an amended complaint joining Francisco Santana, the owner of the car, as a co-defendant.

The allegations of the amended complaint, aside from the joinder of Santana, were substantially the same as the allegations of the original complaint, except that (1) the plaintiff now alleged that Santana as owner rather than the directors of ''Metropolitan Bus'' had taken all the steps described in the original complaint and that (2) the amended complaint contained the additional allegation that the plaintiff went

to the insurance company because Santana, asserting that his bus was insured by the said company, refused to attend personally to the plaintiff's claim.

The defendants moved to dismiss the amended complaint on the ground that the action had prescribed pursuant to § 1868, par. 2 of the Civil Code. The district court granted this motion and entered a judgment dismissing the complaint. The plaintiff appealed from that judgment.

Although the appellant assigns six errors, they all involve the ruling of the lower court that the action had prescribed. Section 1868 provides that this type of suit must be brought within one year of the accident. However, § 1873 reads as follows: ''Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any acknowledgment of the debt by the debtor.''

A complaint against the insurer alone where no final judgment has been previously obtained against the assured does not state a cause of action. Under such circumstances a complaint is fatally defective unless the assured is joined as a co-defendant. *United States Casualty Co.* v. *District Court, supra.* The original complaint, filed within a year from the date of the accident against the insurer alone, therefore did not stop the running of the statute insofar as the assured was concerned.

The amended complaint, in which the assured was joined as a defendant for the first time, was filed a year and seven months after the accident. The appellant argues that the amended complaint nevertheless relates back to the date of the original complaint, which would mean that the suit had been properly filed within a year from the date of the accident. He relies on Rule 15(*c*) of the Rules of Civil Procedure, which reads as follows:

''Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.''

Under Rule 15(c) the amended complaint relates back to the date of the original complaint, even if the former sets forth a different cause of action from that alleged in the latter, provided they both arose out of the same conduct, transaction, or occurrence. *Roses* v. *Juliá,* 67 P.R.R. 485; *Sánchez* v. *Cooperativa Azucarera,* 66 P.R.R. 330. But Rule 15(c) was not intended to provide that an amended complaint relates back to the date of the original complaint in determining whether a suit was filed within the statute of limitations against a defendant who is joined as a defendant for the first time in the amended complaint. Such a defendant was never a party to the suit until the amended complaint was filed. The facts pleaded relate back to the original complaint; but for purposes of limitations the date when a defendant was sued is inexorably fixed by the date he is first joined as a defendant. 1 Moore's Federal Practice, § 15.08, p. 810; *Sanders* v. *Metzger,* 66 F. Supp. 262 (Pa., 1946); *Anderson* v. *Brady,* 9 Fed. Rules Serv. 346 (Ky., 1946); Commentary, 2 Fed. Rules Serv. 653.

The only other basis on which the plaintiff could prevail is that he had made an extrajudicial claim against the creditor which interrupted the running of the statute of limitations. We assume, without deciding, that the plaintiff in a damage suit is the creditor of the insurer and that an extrajudicial claim by the plaintiff to the insurer would interrupt the period of prescription for a suit against the insurer. But the liability of the insurer is contingent upon the liability of the assured. Hence, if no extrajudicial claim is made to the assured and the claim against the latter is barred, there can be no cause of action against either the assured or the insurer, despite the fact that theoretically the claim against the insurer is still alive because prescription was interrupted as to him by the extrajudicial claim addressed to him alone. This is because, as we have seen, the liability of the insurer is predicated on the liability of the assured.

Once a claim against the latter is barred, the matter is ended. *Cruz* v. *González et al.,* 66 P.R.R. 203, 205.[1]

We must therefore seek to determine if an extrajudicial claim was made to the assured. The complaint alleges such a claim only on the day following the accident. Except for the statement that the plaintiff had informed the insurer of the protest of the assured because the former had made no investigation as requested by the plaintiff, the remaining allegations of the complaint on this point are confined to requests made by the plaintiff to the insurer on unspecified dates. We find nothing in these allegations amounting to an extrajudicial claim directly to the assured within a year prior to the filing of the amended complaint.

The possibility remains that extrajudicial claims were addressed to the insurer as agent of the insured. The complaint alleges that the owner instructed the plaintiff to file his claim with the insurer. Assuming, without deciding, that this is a sufficient allegation that the insurer was the agent of the assured for receipt of extrajudicial claims on behalf of the latter, the complaint is silent as to the nature, number and, most important, dates of the claims allegedly made to the insurer for payment of the claim of the plaintiff.

In an effort to bolster his contention that the statute of limitations was interrupted by an extrajudicial claim, counsel for the appellant has attached to his brief in this Court five letters he wrote to the insurer, one letter he wrote to the assured, and one reply of the insurer. The motion to dismiss the complaint was filed under Rule 12(*b*) of the Rules of Civil Procedure on the ground that the action had prescribed. When the appellant filed his opposition to this motion in the district court, he was entitled to file these letters

---

[1] In *Cruz* v. *González, supra,* p. 205, we also point out that "the interruption of the prescriptive period with regard to the insurer might be effective as against the assured. . ." under §§ 1874 and 1875 of the Civil Code if the complaint alleged that the insurer was obligated *in solido.* No such allegation was made either in the *Cruz* or in this case.

in support thereof. *Ramos* v. *People*, 67 P.R.R. 600. But these letters cannot be considered by us when they are presented for the first time as an exhibit attached to the brief filed by the appellant in this Court. Nevertheless, even if we were entitled to consider these letters, we would reach the same conclusion. We do not stop to examine the first four letters the plaintiff wrote to the insurer or the letter he wrote to the assured as they were all written more than a year prior to the date of the amended complaint. The last letter of the plaintiff to the insurer, written on September 12, 1946, contains no claim; it merely requests the return of medical certificates previously submitted to the insurer.

This case does not fall within the doctrine laid down in *Suárez* v. *Pereira*, 66 P.R.R. 227. In that case the assured admitted liability; the plaintiff, at the instance of the assured, presented an extrajudicial claim to the insurer; and the latter accepted its liability as well as that of the assured. "Defendant's suggestion to the plaintiff to present his claim against the insurance company and the *latter's acceptance of its liability,* and, as a consequence thereof, the carrying on of negotiations to determine the amount of the compensation, made the insurance company, if not already authorized under the terms of the policy, the agent or representative of the assured." *Suárez* v. *Pereira, supra,* p. 231. (Italics ours.) We therefore held that the statute of limitations was interrupted for several months while (p. 231) "the insurance company, upon assuming the liability together with the assured, delayed the case in discussing the amount of compensation."

In the present case, although we have assumed that the insurer was the agent of the assured for purposes of receipt of an extrajudicial claim, the allegations of the complaint, unlike the *Suárez* case, do not show that the insurance company admitted its liability or that the delay in filing suit was caused by the fact that the insurer had admitted both its liability and that of the assured and an effort was being

made to negotiate a settlement. See *Bergeron* v. *Mansour,* 152 F. (2) 27 (C.C.A. 1, 1945). Here the assured simply referred the plaintiff to the insurer, who presumably would act for both assured and the insurer. The owner never admitted his liability. Nor did the insurance company, as agent of the assured or on its own behalf, ever admit liability or attempt to negotiate a settlement. The statute therefore continued to run until the amended complaint was filed in which the owner was for the first time joined in the complaint. And by that time the action was barred.[2]

The judgment of the district court will be affirmed.

---

[2] Our assumption *arguendo* that the insurer was the agent of the assured for purposes of receipt of an extrajudicial claim, does not lead to the conclusion that the original complaint, filed against the insurer alone, interrupted the prescriptive period as to the assured on the theory that the suit was against the insurer as the agent of the assured. At the most under the facts herein the insurer was the agent for receipt of extrajudicial claims, and not for the purpose of being sued. It was therefore necessary to join the assured as a defendant to interrupt the running of the statute as to him.