Dorothy W. BATH, general administratrix of the estate of William H. Bath, deceased, and Dorothy W. Bath, administratrix ad prosequendum of the estate of William H. Bath, deceased, Plaintiff,

v.

SARGENT LINE CORP., Defendant.

United States District Court
S. D. New York.

Sept. 26, 1958.

Baker, Garber & Chazen, Hoboken, N. J., Jack Steinman, New York City, for plaintiff. Milton Garber, Hoboken, N. J., of counsel.

Pyne, Brush, Smith & Michelsen, New York City, for defendant. Albert Robin, Hempstead, N. Y., of counsel.

DIMOCK, District Judge.

Plaintiff sues under three counts to recover $200,000 for the death of her intestate, a seaman alleged to have lost his life in the service of defendant's barge. The second and third counts allege diversity of citizenship and that the tort was committed within New Jersey. Negligence and unseaworthiness are charged in each of the three counts under substantially identical language except that the first cites the Jones Act, section 33 of the Merchant Marine Act of 1920, 46 U.S. Code, § 688, while the second and third cite the New Jersey wrongful death statute, Rev.Stats. of N.J., 2A: 31–1 to 6 inclusive. Such pleading of law is sanctioned by the example of Form 15 in the Appendix to the Federal Rules of Civil Procedure.

Defendant moves to dismiss the second and third counts on the ground that they do not state a claim upon which relief can be granted since plaintiff's exclusive remedy is under the Jones Act.

There is no escape from this conclusion unless Lindgren v. United States, 281 U. S. 38, 50 S.Ct. 207, 74 L.Ed. 686, is no longer authoritative.

There it was held, 281 U.S. at page 47, 50 S.Ct. at page 211, that, as the Jones Act "covers the entire field of liability for injuries to seamen, it is paramount and exclusive, and supersedes the operation of all state statutes dealing with that subject." It is thus clear, under the rule of the Lindgren case, that an injured seaman or the representative of a deceased seaman must be content with the rights given by the Jones Act for recovery on account of the employer's negligence and cannot take advantage of state statutes.

It was further held in the Lindgren case, 281 U.S. at page 48, 50 S.Ct. at page 211, that the right of action given the personal representative by the Jones Act "to recover damages for the seaman's death when caused by negligence, for and on behalf of designated beneficiaries, is necessarily exclusive and precludes the right of recovery of indemnity for his death by reason of unseaworthiness of the vessel, irrespective of negligence, which cannot be eked out by resort to the death statute of the State in which the injury was received." Thus the representative of a deceased seaman who relies upon unseaworthiness is in infinitely worse case than one who relies upon negligence. Since the Jones Act withholds any right of action for death due to unseaworthiness and prevents the assertion of any such right of action under state law, no means of recovery for death due to unseaworthiness is available to the seaman's representative under either federal or state law.

The rule of the Lindgren case which reaches this result has been criticised by Judge Learned Hand in a dissenting opinion in Gill v. United States, 2 Cir., 184 F.2d 49, 57, but, so far as researches of counsel and court in this case go, no court has departed from it.

The net result is that plaintiff, representing her intestate, may not proceed upon the theory of negligence under the New Jersey law and may not proceed upon the theory of unseaworthiness under either the federal law or the New Jersey law.

The motion to dismiss counts two and three is granted.

So ordered.