Juan Velazquez SANCHEZ, Libellant,

v.

COMPANIA PANAMENA MARITIMA
SAN GERASSIMO, S.A.,
Respondent.

Juan Jose VENDRELL, Libellant,

v.

COMPANIA PANAMENA MARITIMA
SAN GERASSIMO, S.A.,
Respondent.

Juan Rodriguez VELAZQUEZ, Libellant,

v.

COMPANIA PANAMENA MARITIMA
SAN GERASSIMO, S.A.,
Respondent.

United States District Court
S. D. New York.
Feb. 16, 1959.

Jerome Golenbock, New York City, for libellants. Donald S. Sherwood, New York City, of counsel.

Poles, Grist, Tublin & Patestides, New York City, for respondent. John G. Poles, New York City, of counsel.

DAWSON, District Judge.

These are motions by respondent to dismiss the libels of the above-named libellants on the ground that this Court lacks jurisdiction to hear the alleged causes of action.

The libellants are citizens of the Commonwealth of Puerto Rico and reside in the Commonwealth of Puerto Rico. Sanchez and Vendrell were injured in January, 1957, and Velazquez was injured in March, 1956, while working as longshoremen aboard the vessel S.S. Marcella, a Panamanian vessel which was then discharging cargo at San Juan, Puerto Rico. The libellants were employees of a stevedoring company with which the respondent had contracted to handle cargo. They bring the present suits in admiralty in rem against the vessel and in personam against the respondent Compania Panamena Maritima San Gerassimo, S.A., the owner, operator and/or charterer of the vessel, seeking damages for injuries alleged to have been caused by the unseaworthiness of

the vessel and the negligence of her master and crew. The respondent is sued not as employer of the libellants but as a third party responsible for their injuries. Libellants urge that respondent had an unsafe and unseaworthy vessel and urge other grounds of liability recognized by the general maritime law of the United States.

Libellants served parties, which they allege in the libel are the duly appointed general agents of the respondent, within the jurisdiction of this court. Respondent has moved to dismiss the libels on the ground that this court does not have jurisdiction over a maritime action having occurred, as this one did, within the waters of Puerto Rico. The applicability of the general American maritime law to Puerto Rico is very ably discussed and determined by the United States Court of Appeals for the First Circuit in Guerrido v. Alcoa S.S. Co., 1 Cir., 1956, 234 F.2d 349. That court decided that the rules of admiralty and maritime law of the United States are presently in force in the navigable waters in and around the island of Puerto Rico, to the extent that they are not locally inapplicable, either because they are not designed to apply to Puerto Rican waters or because they have been rendered inapplicable to such waters by inconsistent Puerto Rican legislation.

The Court of Appeals decided that the Workmen's Accident Compensation Act of Puerto Rico [1] was not so constituted as to be considered local legislation contrary to the reception of the general maritime law. This Court, under the principles of *stare decisis*, must follow the decision in the Guerrido case.

The present suits were brought by the libellants apparently under the principles of American admiralty law which authorizes a longshoreman, working on a vessel on navigable waters, who was injured thereon by reason of the unseaworthiness of the vessel, or the negligence of the master or members of the crew, to recover damages for the in-

---

1. Act of April 18, 1935, No. 45, 11 L.P.R.A. § 1 et seq.

juries thus sustained. Pope & Talbot Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143. No Puerto Rican statute which has supplanted or modified these rules of the maritime law has been pointed out to this Court.

In these actions it appears that the diversity qualifications for jurisdiction of this court have been met, and since the libels also state that the actions are brought "within the admiralty and maritime jurisdiction of the United States" it appears that this court has jurisdiction to hear these actions.

■ While the foregoing applies to all three actions, respondent raises a further objection to the Velazquez suit which was instituted 2½ years after the accident. Respondent contends that the Workmen's Accident Compensation Act of Puerto Rico placed a one-year time limit on third-party actions of this type, beginning with the date of the final decision of the employee's case by the Manager of the State Insurance Fund. Respondent therefore contends that this libellant's action should be dismissed since it is time-barred. While it is true that the Act in question requires the institution of suit within this one-year period, the libel does not show when the final decision was made by the Manager of the State Insurance Fund. Therefore we do not have sufficient facts on the papers to determine this issue. In considering the possible effect of this time lag we must also remember that the proceeding before us is an action in admiralty seeking to enforce a right given by the federal maritime law. In such a suit, unless an Act of Congress has imposed a limitation upon the time for commencing it, matters of delay are left to the discretion of the district court, in accordance with the equitable doctrine of laches. The district courts frequently follow the analogy of state statutes of limitations in determining whether such suits are barred, but it is clear that they are not bound by such statutes. Guerrido v. Alcoa S.S. Co., 1 Cir., 1956, 234 F.2d 349.

■ As has been stated, the exact period of the time lag does not appear from the papers submitted on this motion. The amended libel in the Velazquez case alleges in Paragraph Twelfth that laches would not be applicable for various reasons, all of which may raise issues of fact. Under the circumstances it does not seem that this issue of the statute of limitations, or laches, should be determined on the papers submitted on this motion, but rather that the issue should await the trial of the action when all of the facts can be presented.

For these reasons the motions to dismiss libellants' causes of action on the grounds of lack of juridiction of this court or, in the Velazquez case, the doctrine of laches, are hereby denied. So ordered.