**Clifford C. TERHUNE, Libelant,**

v.

**PRUDENTIAL STEAMSHIP COMPANY, Respondent.**

United States District Court
S. D. New York.
July 20, 1959.

Jacob Rassner, New York City, for libelant.

Stapleton, Flynn & Lilly, New York City, for respondent.

DAWSON, District Judge.

This is a motion to overrule respondent's exceptions to a libel.

The action grows out of an injury occurring to libelant on April 17, 1952.

The action is brought in admiralty pursuant to the Jones Act, 46 U.S.C.A. § 688, and under the general maritime laws of the United States. It is alleged that the injury was caused while libelant was engaged in performing his duties aboard a vessel allegedly managed, operated and controlled by respondent. Libelant contends that the accident was due solely to the carelessness, recklessness and negligence of the respondent in failing to provide him with a reasonably safe place to work and with a seaworthy vessel. Libelant therefore maintains that respondent was guilty of breach of warranty and negligence.

In connection therewith respondent has raised four exceptions to the libel and the basic issue which this Court must decide is whether these exceptions are valid.

■■ Respondent contends that the libel fails to state a cause of action. A careful reading of the libel and of the applicable provisions of the Jones Act, and a seaman's rights under the general maritime law of the United States, indicates that libelant has alleged certain facts constituting a cause of action. This Act created new rights in seamen for damages arising from maritime torts and it is entitled to a liberal construction to accomplish its beneficent purposes. Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692; Williams v. Tidewater Associated Oil Co., 9 Cir., 227 F.2d 791, certiorari denied 1956, 350 U.S. 960, 76 S.Ct. 348, 100 L.Ed. 834.

■ The second and third exceptions can be considered together. In these, respondent maintains that the accident, if it did occur, did so on April 17, 1952. The libel was filed on February 16, 1956. Respondent contends that this lapse of three years and ten months bars the action under the New Jersey statute of limitations, N.J.S.A. 2A:14-2, the situs of the alleged occurrence, and also under the three-year statute of limitations in the Jones Act. Respondent fur-

ther contends that the libel is unenforceable because of the laches of the libelant.

In considering the applicability of the statute of limitations, we must remember that this proceeding is a suit in admiralty in a federal court, seeking to enforce a right given by federal maritime law. In such a suit, unless an act of Congress has imposed a limitation upon the time for commencing it, matters of delay are left to the discretion of the district court, in accordance with the equitable doctrine of laches. Gardner v. Panama R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31. The district courts frequently follow the analogy of state statutes of limitation, but they are clearly not bound by such statutes. Guerrido v. Alcoa S. S. Co., 1 Cir., 1956, 234 F.2d 349; Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 1941, 313 U.S. 577, 61 S.Ct. 1104, 1105, 85 L.Ed. 1535; Sanchez v. Compania, etc., D.C.S.D.N.Y.1959, 170 F.Supp. 448. While it is true that under the Jones Act the three-year statute of limitations established in the Federal Employers' Liability Act, 45 U.S. C.A. § 56 is applicable, Ran v. Atlantic Refining Co., D.C.Pa.1949, 87 F.Supp. 853; Purvis v. Luckenbach S. S. Co., D.C.S.D.N.Y.1949, 93 F.Supp. 271, nevertheless in an action in admiralty for personal injury the limitation at law does not apply. Szalkiewicz v. Farrell Lines, Inc., D.C.S.D.N.Y.1956, 142 F.Supp. 496; Rosinski v. Conners, D.C.S.D.N.Y.1927, 21 F.2d 591. The determination as to whether a libelant should be denied his day in court because of any delay must, under the liberal construction of the Jones Act, be dependent upon the determination as to whether or not respondent has been placed in an unusually difficult position as a result of this delay. In the instant action it appears that the delay is not so unreasonable so as to place respondent in an unusually difficult position.

Respondent contends that it is not a proper party to be sued, inasmuch as it never owned, operated or managed the vessel named in the libel. This determination can best be resolved at the trial of the action.

As to respondent's contention that libelant is a longshoreman and not entitled to relief under the Jones Act, it is clearly the rule that a vessel and its owner are liable to indemnify for injuries not only seamen, but also stevedores and others doing a seaman's work and incurring a seaman's hazards. Imperial Oil, Ltd. v. Drlik, 6 Cir., 234 F.2d 4, certiorari denied 1956, 352 U.S. 941, 77 S.Ct. 261, 1 L.Ed.2d 236.

For the reasons stated above the motion to overrule the exceptions to the libel is granted. So ordered.