Jack **ROBBINS**, administrator of the Estate of Leo Schwarz a/k/a Leo Schwanz, and Jack Robbins, administrator ad prosequendum of the estate of Leo Schwarz a/k/a Leo Schwanz, Plaintiff,

v.

**ESSO SHIPPING COMPANY** and Esso Standard Oil Company, Defendants.

United States District Court
S. D. New York.
Jan. 27, 1960.

Baker, Garber & Chazen, Hoboken, N. J., for plaintiff; Milton Garber, Hoboken, N. J., of counsel.

Kirlin, Campbell & Keating, New York City, for defendant Esso Standard Oil Co.; George T. Delaney, New York City, of counsel.

LEVET, District Judge.

The defendant Esso Standard Oil Company by notice of motion dated August 26, 1959, moves for summary judgment under Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the plaintiff's complaint as against said defendant basing the said motion upon the statute of limitations.

Plaintiff's decedent was allegedly injured on board the S.S. Esso Havana on April 5, 1956 and died on April 13, 1956, allegedly from injuries received from this accident.

The proceedings in this action were as follows:

The original summons and complaint, directed only to the defendant Esso Shipping Company, were served on or about March 27, 1958. Esso Shipping Company served its answer on April 17, 1958.

Paragraph Sixth of this complaint was as follows:

"Sixth: At all times hereinafter mentioned, the defendant was the owner of and was in possession of, operated, managed and controlled a certain vessel known as the S.S. Esso Havana, which was used by it in the transportation of freight for hire by water in interstate and foreign commerce."

In the answer, defendant Esso Shipping Company stated:

"Sixth: It admits that on or about April 5, 1956 the defendant owned the S.S. Esso Havana. It denies each and every other allegation contained in paragraph numbered Sixth of the complaint."

Paragraph Seventh of the complaint was as follows:

"Seventh: On or about April 5, 1956, the deceased, Leo Schwarz, was in the employ of the defendant as a machinist on said vessel, S.S. Esso Havana, under seaman's articles of customary form and deceased was a seaman and member of the crew of said vessel, S.S. Esso Havana."

In the answer thereto defendant Esso Shipping Company stated:

"Seventh: It admits that on or about April 5, 1956, one Leo Schwarz was a member of the crew of the S.S. Esso Havana. It denies that it has any knowledge or information thereof, sufficient to form a belief, as to whether the plaintiff was at any time its seaman employee within the meaning of the Act of Congress of June 5, 1920, Section 33 [46 U.S.C.A. § 688] and within the meaning of the Act of Congress of April 22, 1908, Chapter 149 [45 U.S.C.A. § 51 et seq.]. It denies each and every other allegation contained in paragraph numbered Seventh of the complaint."

On or about May 1, 1958, Milton Garber of Baker, Garber & Chazen, attorneys for the plaintiff, wrote to the attorneys for the defendant, stating among other things: "I note that defendant admits only ownership of the vessel. It occurs that the deceased, Leo Schwarz, may have been employed by the company operating the vessel under the name, 'Esso Standard Oil Company.'" Mr. Garber then asked if this information was correct and requested advice as to the correct name and address of the deceased's employer and the name and address of the company which operated the vessel on the date of the accident, as well as asking for a consent for an amended complaint to correct the name of the defendant. On May 2, 1958, the attorneys for the defendant acknowledged receipt of the aforesaid letter and agreed to take up with their clients the concessions requested. (See letters attached to the supplemental affidavit of Walter X. O'Connor, sworn to January 8, 1960).

Walter X. O'Connor, one of the attorneys for the defendant, states in his affidavit of January 8, 1960 that on June 20, 1958 he called Mr. Garber and told him who owned and operated the S.S. Esso Havana and that he would oppose the proposed motion to substitute a new administrator as plaintiff and add a new defendant. This is substantiated by an office memorandum submitted by Mr. O'Connor.

On or about July 30, 1958, the plaintiff, by notice of motion, asked for an order permitting him to serve and file an amended complaint, a copy of which was annexed to the motion papers. This proposed amended complaint made Esso Standard Oil Company an additional defendant and in effect alleged that the defendants—that is, Esso Shipping Company and Esso Standard Oil Company—were the owners of and were in possession of, operated, managed and controlled a certain vessel known as the S.S. Esso Havana, etc. In the affidavit of counsel for plaintiff, dated July 30, 1958, and interposed in support of this motion, counsel stated: "On behalf of the plaintiff permission is sought further to include in the amended complaint an additional party defendant namely Esso Standard Oil Company. Such additional amendment is requested in view of the denial by the original defendant, Esso Shipping Company, of employment of the deceased and of operation, management and control of the vessel, S.S. Esso Havana, on the date of the accident."

After a number of adjournments to October 14, 1958, for some reason the motion was withdrawn. Apparently, on December 2, 1958, the motion was restored. However, on January 6, 1959, an endorsement by Judge McGohey of this court states: "This motion is marked off the motion calendar. It is not to be restored by stipulation but only by the filing of new papers. So ordered."

Subsequently, another motion was made upon identic papers for similar relief by notice of motion dated February 25, 1959. This motion was adjourned to March 17, 1959, to March 24, 1959, to April 7, 1959, to April 28, 1959, to May 28, 1959, and finally was heard on June 16, 1959. On these motion papers is endorsed on June 17, 1959: "Motion granted. So ordered. F. vP. Bryan, U.S.D.J."

On June 23, 1959, an amended summons was issued through the clerk of this court directed to the two defendants

and for service on Esso Standard Oil Company. This amended summons was served by the deputy marshal on June 23, 1959. The time of Esso Standard Oil Company to appear, move or answer to this amended complaint was extended by stipulation to August 12, 1959. Meanwhile, on August 3, 1959, Judge Bryan of this court signed an order requiring the plaintiff to serve a further amended complaint on defendant in accordance with his decisions on the motion to amend and a cross-motion made to dismiss. This new amended complaint was served by mail on August 14, 1959 and is the complaint concerned in this motion. The amended complaint was filed on June 25, 1959.

The present motion was instituted on or about August 26, 1959 and was heard on November 17, 1959. Further argument on the motion was heard on January 19, 1960.

The defendant Esso Standard Oil Company contends that the action against it was not instituted until over three years after the occurrence of the alleged injury to plaintiff's decedent and, therefore, is time-barred by the three-year limitation in the Jones Act, Title 46, U.S.C.A. § 688, which incorporated Title 45, U.S.C.A. § 56. This defendant contends that the service of an amended complaint upon Esso Standard Oil Company, which had not theretofore been made a party to the action, does not relate back to the commencement of the original action against the Esso Shipping Company; that this is a new and separate action against Esso Standard Oil Company which is not within the terms of Rule 15(c) of the Federal Rules of Civil Procedure since this is not a situation in which an amendment is sought to correct the name of a party defendant already in court, but a situation where the amendment substitutes or adds a new party defendant.

The plaintiff apparently contends (1) that the action is not time-barred by any strict statute of limitations but that the equitable doctrine of laches applies; (2) that the decision of Judge Bryan dated June 22, 1959 on the defendant's cross-motion to dismiss certain causes of action and the order made thereon dated August 3, 1959 have already determined this issue; (3) that an application for leave to amend stands in the place of an actual amendment (in effect, that the service of the notice of motion to amend [on or about February 25, 1959] was equivalent to service of an amended pleading); and (4), that, in any event, the actions of the defendant estop it from asserting the defense of the statute of limitations.

The amended complaint listed four causes of action, the first two for negligence under the Jones Act, Title 46, U.S.C.A. § 688, and for unseaworthiness under the general maritime law, the third based on the New Jersey Wrongful Death Statute, N.J.S.A. 2A:31–1 to 2A:31–6, and the fourth for unseaworthiness under New Jersey law.

The decision of Judge Bryan on the notice of cross-motion to dismiss (see notice of motion filed March 17, 1959, decision filed June 23, 1959, order dated August 3, 1959) dismissed those portions of the first two causes of action based on unseaworthiness and the third and fourth causes of action.

■■ The only causes of action remaining, therefore, result from the wrongful death of the decedent. See Van Beeck v. Sabine Towing Co., 1937, 300 U.S. 342, 347, 57 S.Ct. 452, 81 L.Ed. 685. As no remedy for wrongful death was provided under general maritime law, a suitor must look to a wrongful death statute. The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Norris, Maritime Personal Injuries (1959) § 125. The Jones Act, 46 U.S.C.A. § 688, grants a right of action in the case of the death of any seaman. That Act supersedes the application of the death statutes of the several states. Lindgren v. United States, 1930, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686; Bath v. Sargent Line Corp., D.C.S.D.N.Y.1958, 166 F.Supp. 311.

The Jones Act incorporates by reference the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Section 56 of Title 45 U.S.C.A.

reads: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

The Supreme Court has stated: "This provision is one of substantive right, setting a limit to the existence of the obligation which the Act creates." Engel v. Davenport, 1926, 271 U.S. 33, 38, 46 S.Ct. 410, 412, 70 L.Ed. 813. See Purvis v. Luckenbach S.S. Co., D.C.S.D.N.Y. 1949, 93 F.Supp. 271; O'Neill v. Cunard White Star Limited, D.C.S.D.N.Y.1946, 69 F.Supp. 943; Batkiewicz v. Seas Shipping Co., D.C.S.D.N.Y.1944, 54 F.Supp. 789. Note references to the Jones Act time limitations in Oroz v. American President Lines, Limited, 2 Cir., 1958, 259 F.2d 636, 637 and Mahnich v. Southern S.S. Co., 3 Cir., 1943, 135 F.2d 602, 603, reversed, 1943, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561.

Reliance by the plaintiff on the case of Terhune v. Prudential Steamship Company, D.C.S.D.N.Y.1959, 174 F.Supp. 935, is misplaced. That action was one for personal injuries and was brought pursuant to both the Jones Act and the general maritime law. The instant case is an action for wrongful death which must be brought under the Jones Act. Since over three years expired between the day the cause of action accrued and the commencement of the action against this defendant, the motion of the defendant to dismiss must be granted unless one of the other contentions by the plaintiff is sustained.

■ Plaintiff's contention that the decision of Judge Bryan on the notice of cross-motion to dismiss has determined this issue is without foundation: (1) The notice of motion did not raise the statute of limitations; (2) None of the briefs mentioned it; (3) The decision does not mention it; (4) The order dated August 3, 1959 does not refer to it.

The plaintiff may contend that the granting of its motion to amend by endorsement on June 17, 1959 passed upon this question of the statute of limitations because the defendant in its brief raised this as an objection to the amendment.

■ While Judge Bryan may very well have denied the motion on the ground that the amendment was clearly futile, there is nothing to indicate that he considered the question. Normally, the statute of limitations is a defense to be subsequently raised and determined after the amended pleading is served.

■ There is no doubt that the defense of the statute of limitations may be raised upon a motion for summary judgment. See Berry v. Chrysler Corp., 6 Cir., 1945, 150 F.2d 1002, 1003; Brictson v. Woodrough, 8 Cir., 1947, 164 F.2d 107, 110, certiorari denied 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772.

■ The plaintiff contends that the amendment would have dated back to the beginning of the action and thus would avoid the statute of limitations. In effect, however, an amendment would not under these conditions relate back but would be in effect the commencement of a new suit. See Schram v. Poole, 9 Cir., 1938, 97 F.2d 566, 572. The rule has been stated in Sanders v. Metzger, D.C.E.D. Pa.1946, 66 F.Supp. 262, 263 as follows:

"If the effect of the proposed amendment is merely to correct the name of a party already in court, clearly there is no prejudice in allowing the amendment, even though it relates back to the date of the original complaint. See McDowell v. Kiehel, 3 Cir., 1925, 6 F.2d 337; Weldon v. United States, 1 Cir., 1933, 65 F.2d 748; 5 Fed.Rules Service, Comm. 15c31.

"On the other hand, if the effect of the amendment is to substitute for the defendant a new party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run. Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Schram v. Poole, 9 Cir., 1938, 97 F.2d 566, 572; Royal Worcester Corset Co. v. White, D.C.Mass.1941, 40 F.Supp. 267; Garvey [Garvy] v. Allborg, D.C.N.D. Ill.1939, 1 F.R.D. 131; see 5 Cyc. of

Fed. Procedure (2nd Ed., 1938) page 656."

See also Messelt v. Security Storage Company, D.C.D.Del.1953, 14 F.R.D. 507, 512; Aarhus Oliefabrik v. A. O. Smith Corp., D.C.E.D.Wis.1958, 22 F.R.D. 33; Davis v. L. L. Cohen Co., 268 U.S. 638, 642, 45 S.Ct. 633, 69 L.Ed. 1129.

The case of Rademaker v. E. D. Flynn Export Co., 5 Cir., 1927, 17 F.2d 15 does not apply since in that case process was actually issued and served upon the defendant before any right of action against it was barred.

The case of New York Central & H. R. R. Co. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294 has no application since only one party defendant was involved and no question of joining another party was passed upon.

Another case cited by the plaintiff, to wit, Godfrey v. Eastern Gas & Fuel Associates, D.C.D.Mass.1947, 71 F.Supp. 175, is a true case of misnomer since the district judge there stated in effect that there was an intent to sue the owner of the vessel Melrose. The plaintiff's attorney contended that he sued the correct party but used the wrong name of that party. Here, the plaintiff's attorneys delayed in joining the proper defendant.

Plaintiff contends that the Esso Shipping Company and Esso Standard Oil Company are interlocked corporations. At the oral argument on this motion on November 17, 1959, plaintiff's counsel pointed out that the attorneys for the defendant Esso Standard Oil Company are also the attorneys for the Esso Shipping Company. From these facts he attempts to set up some sort of estoppel against the Esso Standard Oil Company.

Professor Moore has stated: "A defendant should not be granted summary judgment on the basis of the statute of limitations, where an affidavit in opposition and other extraneous materials present a genuine factual issue as to defendant's conduct that would equitably estop him from asserting the statutory bar.

An issue of estoppel, like any other issue, may, therefore, be summarily adjudicated when it does not involve any genuine issue of material fact." 6 Moore's Federal Practice, 2d Ed., ¶ 56.17 [21]. See Begnaud v. White, 6 Cir., 1948, 170 F.2d 323; Sorensen v. Overland Corp., 3 Cir., 1957, 242 F.2d 70.

Before the doctrine of estoppel to plead limitations may be successfully invoked, it is essential to show the existence of the essential elements of such an estoppel. Mescall v. W. T. Grant Co., 7 Cir., 1943, 133 F.2d 209. One such element, of course, is reliance on the actions or representations of the party sought to be estopped and there is no such reliance shown here. See De Luca v. Atlantic Refining Co., 2 Cir., 1949, 176 F.2d 421, certiorari denied 1950, 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581. See also Fremon v. W. A. Sheaffer Pen Co., 8 Cir., 1954, 209 F.2d 627.

Defendant Esso Standard Oil Company never took any affirmative action to lull plaintiff into a false sense of security. See Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., D.C.D. N.J.1947, 74 F.Supp. 791, affirmed on rehearing, D.C.D.N.J.1948, 81 F.Supp. 357. See also Howard University v. Cassell, 1941, 75 U.S.App.D.C. 75, 126 F.2d 6, certiorari denied 316 U.S. 675, 62 S.Ct. 1046, 86 L.Ed. 1749; Kerner v. Rackmill, D.C. M.D.Pa.1953, 111 F.Supp. 150; Lomax v. United States, D.C.E.D.Pa.1957, 155 F. Supp. 354; Wagner v. New York, Ontario and Western Railway, D.C.M.D.Pa.1956, 146 F.Supp. 926.

In any event, it appears that the plaintiff was aware of the fact that the Esso Standard Oil Company was a proper party on or about or before July 30, 1958, when he moved for an order permitting him to file an amended complaint making the Esso Standard Oil Company an additional defendant. The claim of estoppel does not present any genuine issue of material fact.

The motion to dismiss because of the statute of limitations must be granted.

Settle order on notice.