**Mauro ALFIERI, t/a Diamond Motors,**
**v.**
**WILLYS MOTORS, INC., and Willys Sales Corporation.**

Civ. A. No. 28737.

United States District Court
E. D. Pennsylvania.

March 18, 1964.

**628**

William A. Whiteside, Jr., and Israel Packel, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiff.

Richard P. Brown, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., Ritter & Boesel, Toledo, Ohio, for defendants.

BODY, District Judge.

This is an action which arises under the Act of August 8, 1956, 15 U.S.C.A. §§ 1221–1225, commonly known as the Automobile Dealers' Franchise Act or the Automobile Dealers' Day in Court Act (hereinafter referred to as the Act). Plaintiff, Mauro Alfieri, trading as Diamond Motors, is an automobile dealer; and defendants, Willys Motors, Inc. and Willys Sales Corporation, are automobile manufacturers engaged in commerce under the terms of the aforesaid Act of Congress.

Plaintiff alleges in his complaint that on or about August 12, 1955 a "Dealer-Franchise Agreement" was negotiated between plaintiff and defendant, which as subsequently orally modified provided, inter alia, that plaintiff was to be the only Willys dealer located in New Castle County, Delaware; and that the defendants, in violation of the aforesaid Act of Congress, failed to act in good faith in performing and complying with the terms and provisions of the franchise as stated in the following paragraphs:

"5. On or about March 1, 1957 defendants did breach its Agreement with plaintiff by establishing another dealer franchise in New Castle County, Delaware; and defendants have had, at all times subsequent thereto, at least one additional dealer franchise in said County.

"6. During the latter part of 1957 and the early part of 1958, defendants, in an attempt to dissuade plaintiff from continuing as a dealer and to cause plaintiff to breach the aforesaid Dealer-Franchise Agreement, withheld deliveries of vehicles which plaintiff had ordered and caused plaintiff to lose sales which it otherwise would have 'closed'.

"7. On or about December 7, 1958, plaintiff's Dealer-Franchise Agreement was canceled because plaintiff threatened legal action to assert his right to be the only Willys Dealer in New Castle County, Delaware and to recover damages suffered by having deliveries withheld.

"8. Defendants have, in further violation of the contract, refused to reimburse plaintiff for parts remaining in plaintiff's stock as of the termination date."

Thereafter defendants filed this motion for summary judgment stating that no genuine issue of a material fact exists as to any of the above allegations, and that defendants are now entitled to judgment on the pleadings. The deposition of the plaintiff, which was taken on May 13, 1963, has been filed by defendants in support of its motion.

The written franchise entered into between plaintiff and defendants, which is entitled "Direct Dealer Agreement", provides, inter alia:

"Section 2. Territory of Dealer.

"Willys grants to Dealer the privilege of selling at retail the products enumerated in Section 3 of this Agreement in the following described territory but not elsewhere:

"'City of Wilmington, Delaware and Vicinity'

"Dealer accepts the above selling privilege and agrees to develop with diligence the sales of said products in said territory in accordance with this Agreement."

"Section 4. Territory.

"* * * Willys reserves the right to sell products to others within the above described territory, either at retail or at wholesale."

It is clearly evident from the wording of the franchise agreement that the defendants reserved the right to sell its products to other dealers within that area. A careful review of plaintiff's deposition, pp. 44–76, reveals definitely that plaintiff's contention as to the breach of an exclusive dealer arrangement does not result from the breach of a written agreement but from the breach of an oral undertaking between plaintiff and a representative of Willys.

■■■ Section 1221(b) of the Automobile Dealers' Franchise Act defines the term "franchise" as:

"* * * the *written* agreement or contract between any automobile manufacturer engaged in commerce and any automobile dealer which purports to fix the legal rights and liabilities of the parties to such agreement or contract." (Emphasis supplied)

A study of the legislative history shows that the use by Congress of the word "written" in defining the term "franchise" was not inadvertent but resulted from a careful and deliberate consideration of the entire matter. U.S.Code Cong. and Adm. News 1956, pp. 4596, 4601.

"The bill approved by the Senate gives broader meaning to the term 'franchise' by including not only the written agreement or contract but also any 'understanding or arrangement between any automobile manufacturer and any automobile dealer.' The words 'understanding or arrangement' have been deleted in order to safeguard against the possible inclusion of anti-competitive trade arrangements between the manufacturer and the dealer, such as arrangements which might limit the location of new dealers."

In view of this it is evident that one of the main objectives of the choice of language by the Legislature was to guard against such oral understandings or agreements upon which the plaintiff relies. Thus all allegations raised by the plaintiff as to the breach of an oral modification of the franchise agreement are without merit.

■■■ Another purpose of the Act was to assure a dealer the opportunity to secure a judicial determination irrespective of contract terms, as to whether the

automobile manufacturer has failed to act in good faith in performing or complying with any of the provisions of his franchise. Section 1221(e) defines "good faith" as:

"*  *  *  the duty of each party to any franchise, and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party: Provided, That recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute a lack of good faith."

In Globe Motors, Inc., v. Studebaker-Packard Corporation, 328 F.2d 645 (3d. Cir. 1964) the Court stated:

"The statute did not provide a new remedy for breach of contract but created a new cause of action. An indispensable element of the statutory cause of action is not the lack of good faith in the ordinary sense but a lack of good faith in which 'coercion, intimidation or threats' thereof are at least implicit."

Paragraph 6 of the complaint, alleging withholding of deliveries of vehicles, and Paragraph 7 of the complaint, alleging the cancellation of the franchise, are such assertions that are covered by the "good faith" provision. Sufficient proof is not presented to the Court as to the factual issue of "good faith" demonstrated by the parties in reference to these matters.

As to Paragraph 8 of the complaint, alleging refusal by defendants to reimburse plaintiff for remaining parts in stock, a conflicting issue arises as to whether a written demand for reimbursement was made. Plaintiff's deposition states that he believed a written demand was made although the letter from plaintiff's attorney stated that the demand was "apparently verbal". What position plaintiff will assert at time of trial is therefore not clear. If no written demand is produced, the Trial Judge may dismiss the complaint since § 23 of the Dealer-Franchise Agreement expressly states a written demand must be made.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall not be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that a genuine issue exists as to any material fact. Therefore, the allegations asserted in Paragraphs 6, 7 and 8 are not proper ones to be disposed of by summary judgment at this time. Further disposition of the same is for the determination of the Trial Judge.

Plaintiff has raised the question of pendant jurisdiction in his brief and at the time of argument, but did not allege the same in his complaint. Plaintiff's complaint alleged only a claim under the Automobile Dealers Franchise Act; no other claim is asserted under common law or any state statute. Thus, the Court does not find it necessary to discuss the doctrine of pendant jurisdiction and its applicability hereto.

## ORDER

And now, this eighteenth day of March, 1964, it is ordered that defendants' motion for summary judgment with respect to the claim alleged in Paragraph 5 of the plaintiff's complaint be and the same is hereby granted.

It is further ordered that defendants' motion for summary judgment with respect to the claims alleged in Paragraphs 6, 7 and 8 of the plaintiff's complaint be and the same is hereby denied.