**194**

Mauro ALFIERI, t/a Diamond Motors,
v.
WILLYS MOTORS, INC. and Willys Sales
Corporation.
Civ. A. No. 28737.

United States District Court
E. D. Pennsylvania.
June 8, 1964.

Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., by John W. Packel, and Israel Packel, Philadelphia, Pa., for plaintiff.

Morgan, Lewis & Bockius, Philadelphia, Pa., by Richard P. Brown, Jr., Philadelphia, Pa., Ritter & Boesel, Toledo, Ohio, for defendants.

WOOD, District Judge.

The plaintiff, who is an automobile dealer doing business as Diamond Motors in Wilmington, Delaware, instituted this action on October 19, 1960, under the "Automobile Dealers' Franchise Act," 15 U.S.C.A. §§ 1221–1225. He alleged, inter alia, that the defendant manufacturer did breach an *orally* modified written Agreement with the plaintiff whereby Diamond Motors was to be the only Willys Dealer located in New Castle County, Delaware.

Partial summary judgment was granted by our learned colleague, Judge Body, in an Opinion filed on March 18, 1964, D.C., 227 F.Supp. 627, which held that the "Automobile Dealers' Franchise Act" did not provide relief for the breach of an *oral* undertaking as set forth in paragraph 5 of the Complaint. Judge Body denied summary judgment on the claims embodied in paragraphs 6, 7 and 8 [1] because a genuine issue of material fact exists concerning these claims.

1. The relevant paragraphs of the Complaint read as follows:

"5. On or about March 1, 1957 defendants did breach its Agreement with plain-

Now, the plaintiff requests leave of Court to file an amended Complaint alleging pendant and diversity jurisdiction in order to proceed on the same facts averred in his Complaint as an action for a common law breach of contract.[2]

The defendant vigorously opposes the motion and contends that if this action had been originally commenced in 1960 as a common law action, the claims set forth in paragraphs 5 and 6 of the Complaint would have been barred by the three year Delaware Statute of Limitations.[3] Defendant further argues that it will be prejudiced by the introduction of a new cause of action because it has prepared only to defend a *statutory* claim and the passage of time will create difficulties of discovery in locating witnesses and information relative to a common law breach of contract.

Countering this argument it is the plaintiff's position that his common law action depends upon the same facts as set forth in his Complaint under the Automobile Dealers' Franchise Act. He further argues that the breach of contract may have occurred in Ohio, which State's law (according to paragraph 28 of the *written* Agreement) governs the construction of this contract. Ohio law prescribes a six year statute of limitations for initiating an *oral* contract action.

■■■ Under Rule 15 the discretionary power of the Court to allow amended pleadings is primarily concerned with whether the allowance will result in an injustice to any of the parties. Generally, a Court is not concerned with the question of whether the *amended* Complaint would be barred by the Statute of Limitations unless this fact appears clearly from the record. "Normally, the statute of limitations is a defense to be subsequently raised and determined after the amended pleading is served." Robbins v. Esso Shipping Company, 190 F. Supp. 880, 884 (S.D.N.Y.1960). The present state of the record in this matter does not lend itself to an absolute determination on the merits of the Statute of Limitations question. In any event by allowing the amendment we would not divest the defendant of this affirmative defense which it can assert after the amended Complaint is served.

tiff by establishing another dealer franchise in New Castle County, Delaware; and defendants have had, at all times subsequent thereto, at least one additional dealer franchise in said County.

"6. During the latter part of 1957 and the early part of 1958, defendants, in an attempt to dissuade plaintiff from continuing as a dealer and to cause plaintiff to breach the aforesaid Dealer-Franchise Agreement, withheld deliveries of vehicles which plaintiff had ordered and caused plaintiff to lose sales which it otherwise would have 'closed'.

"7. On or about December 7, 1958, plaintiff's Dealer-Franchise Agreement was canceled because plaintiff threatened legal action to assert his right to be the only Willys Dealer in New Castle County, Delaware and to recover damages suffered by having deliveries withheld.

"8. Defendants have, in further violation of the contract, refused to reimburse plaintiff for parts remaining in plaintiff's stock as of the termination date."

2. The proposed amending paragraphs read as follows:
"1a. Pendant jurisdiction is also claimed because the same facts as alleged herein, and particularly paragraphs 3, 5 and 8, give rise to a breach of contract under the applicable State law.
"1b. Diversity jurisdiction is also claimed because plaintiff is a citizen of the State of Delaware and defendants are corporations incorporated under the laws of the Commonwealth of Pennsylvania and of the State of Michigan, respectively— each having its principal places of business in a State other than the State of Delaware. The matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000."

3. In support of this statement the defendant cites pp. 93 and 94 of the plaintiff's deposition as establishing 1956 as the year when the cause of action accrued which is alleged in paragraph 6 of the Complaint rather than 1957 as averred.

We see no grave injustice resulting to the defendant by allowing the plaintiff to plead pendant and diversity jurisdiction. Nothing is altered in the essential facts giving rise to the plaintiff's cause of action. The plaintiff is merely changing the.mode of his attack and his claim continues to arise out of the conduct, transactions or occurrences set forth in the original Complaint, which concern a business relationship between the parties.

We see no compelling reason to deviate from the liberal spirit of the Federal Rules. Justice would be better served by having the plaintiff's claim tested by a trial on the merits than to deny the motion to amend.

### ORDER

And now, this 8th day of June, 1964, the plaintiff's motion for leave of Court to file an amended Complaint is granted.

It is further ordered that by granting this motion we express no opinion on whether this action is barred by the Statute of Limitations.